[No. 3698.]

THOMPSON v. THE DEWEESE–DYE DITCH & RESERVOIR COMPANY.

1. EMINENT DOMAIN—DITCH—RIGHT OF WAY—WAIVER.

In an action to condemn a right of way for an irrigating ditch, by demanding a jury to ascertain and assess the damages caused by the taking of the land, and by a voluntary trial of that question before a jury the respondent waived his right to have the preliminary question of the necessity of taking the land for the ditch submitted to a commission.

2. SAME.

Where a jury was demanded and impaneled to try the question of damages caused by taking land for right of way for a ditch, the question of the necessity for taking the land could not be tried before the jury.

3. APPELLATE PRACTICE—ABSTRACT OF RECORD.

It is not a duty of the court to search the record to find that which counsel should point out and print in the abstract under the rules, but neglect to do so.

4. APPELLATE PRACTICE—VERDICT OF JURY.

The mere fact that the amount of damages awarded by the verdict of the jury may not correspond exactly with the testimony of any particular witness, is no ground for setting aside a verdict, nor does such variance between the damages testified to by a witness and found by the jury, support the proposition that the verdict is contrary to the evidence.

5. DAMAGES—VERDICT OF JURY.

The fact that a jury in awarding damages for right of way for a ditch, awarded damages to all the land which the respondent owned, instead of confining themselves to that immediately adjoining the strip taken, could not injure the landowner.

*Appeal from the County Court of Fremont County.*

Mr. SAMUEL P. DALE, for appellant.

Messrs. WALDO & DAWSON, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is a proceeding under the eminent domain act to acquire by condemnation a right of way for an irrigating ditch across the lands of respondent. Upon the issue of compensation there was a trial by the court before a jury which returned a verdict awarding to the respondent damages in the net sum of $19.50 for a strip of land about a quarter of an acre in extent; and judgment was entered thereon.

Respondent has appealed to this court and assigned numerous errors. The principal ground urged for reversal is the refusal of the court to grant the request of the respondent to have determined the question as to the necessity for taking this land. To a clear understanding of this point a statement of some of the facts will assist.

On the 8th of May, 1896, the respondent filed in court his demand in writing for a jury to ascertain and assess the damages caused by the taking of the land. In accordance therewith, a jury was duly summoned and empaneled, as the statute provides, and trial begun on the 14th day of May following, and continued over during the following day, when the jury returned its verdict. After the court had instructed the jury and counsel had finished their arguments and the bailiff for the jury had been sworn and the jury sent out to consider their verdict, but before all of them had gone from the presence of the court, the respondent caused to be presented to the court his written demand for a commission to be appointed to ascertain the necessity for taking the land sought to be condemned. This demand was refused by the court because not made in apt time. The respondent now claims, inasmuch as evidence was elicited from his own, and petitioner's, witnesses touching the question of necessity,

that, notwithstanding his neglect to make the request *in limine*,—the parties considering the issue present,—the court should have submitted the question of necessity either to a commission or to the jury for their determination; while, at the trial, it would seem from his written demand, his position was that a board of commissioners should have been appointed for that purpose. If there be an inconsistency in these contentions, it is present in the record.

By an examination of the record we find it to be true, as respondent claims, that there was some testimony which might be considered as pertinent to the issue of necessity. The specific object of this testimony, however, in so far as the petitioner is concerned, even though, in one sense, it bore on the necessity, was avowedly upon the issue of damages and benefits, to which it was responsive. What was the real object of respondent in eliciting this kind of testimony we are not advised; but from an incident occurring during the trial the presiding judge was justified in concluding that respondent then did not find fault with the ruling that a waiver had occurred. . .

Upon cross-examination of one of petitioner's witnesses, respondent's counsel asked a question which, in one view, bore upon the issue of necessity, and this was objected to by counsel for petitioner upon several grounds, and, among them, that by demanding in writing a jury and entering upon the trial as to the question of value, the respondent waived all rights as to the question of the necessity for the taking. The objection was sustained, and exception to the ruling taken by respondent's counsel, not because his conduct did not amount to a waiver, but on the ground that this holding of the court makes unconstitutional the law which delegates to a board of commissioners the sole power to determine the necessity for the taking; and that, under the constitution, as the necessity for the taking is made a judicial question, the respondent had the equal right to raise it before the jury, and have that body pass upon it.

This incident is referred to for the double purpose of show-

ing that both the petitioner and the court considered the
issue of necessity not in the case, and that the exception
taken by the respondent would seem to indicate that he re-
lied upon his constitutional right to have it decided by a jury,
as well as by a commission.

In further confirmation of the view that the question of
necessity was not considered as an element in the case, either
by petitioner or the court, is the fact that when the respond-
ent submitted to the court a request for instructions bearing
upon the question of necessity they were absolutely refused
upon the ground that they were not pertinent to any issues
tried.   Under the facts, we think the court was right in
holding that respondent could not try before the jury the
necessity for the taking.

But respondent now urges, in the light of the record, that
he did not waive his right to have that question determined
by a commission.   There is nothing in this record that calls
for a modification of the rule in relation to the duty of respond-
ent to raise the question of necessity *in limine*, as laid down
by this court in the case of *Sand Creek L. I. Co. v. Davis*, 17
Colo. 326 ; but, upon the contrary, we are unable to perceive
any substantial difference between the two cases.   In that
case all the evidence was not brought up, and the reviewing
court, relying upon the presumption that obtains, where there
is no showing to the contrary, that the trial court was right,
held that, by neglect, the respondent had waived his right to
have the question of necessity passed upon by a board of com-
missioners.   Here, upon the evidence produced, we arrive at
the same conclusion.   In that case, after remarking that the
mere fact that a respondent demands a jury to assess damages
does not waive the right to have commissioners appointed to
determine the necessity, the court proceeds as follows :

" A party may demand a jury to try the question of com-
pensation and damages, and at the same time, or at any time
before entering upon such trial, may demand the appoint-
ment of a board of commissioners to try the question of the
alleged necessity, or, as in this case, the question of the al-

leged feasibility or practicability of the taking. But since the question of necessity is preliminary to the question of compensation and damages, it follows that if the party demanding a jury voluntarily *goes to trial* before the jury on the latter question, and thus puts his adversary to the trouble and expense of such trial, without indicating in any way that he desired the preliminary question to be first determined, he may be held to have waived his right to have such preliminary question determined in the proceeding." See, also, *Siedler v. Seely*, 8 Colo. App. 499.

Respondent, however, seeks further to distinguish his case from the case cited by emphasizing the fact that a demand by him was made for a board of commissioners before the last member of the jury had passed from the court room into the jury room, whereas in the former case the jury had retired, and judging from the record, each member had passed from the immediate presence of the court. We apprehend that there is no difference in principle between the two cases. The court would have the same power to order the question of necessity to be tried by commissioners as well after the last juror had passed into the jury room as when one of them remained therein when the demand was made. We are clearly of opinion that in this case the respondent has, by his conduct in voluntarily going to trial before a jury upon the issue of damages, without then or theretofore asking for a commission to pass upon the question of necessity, waived the statutory privilege of having the preliminary question determined.

The resolution of this question against respondent is a sufficient answer to certain objections made by him to the refusal of the court to give instructions upon the question of necessity. A further answer, however, to this, and other, objections to, and criticisms made upon, the instructions, is that in the abstract it does not appear that any objections to them were made, or the attention of the trial court in any way called to the alleged objectionable features. In his brief counsel for respondent says that, while the abstract does not contain the exceptions, the record somewhere does, but we

are not cited to any folio of the record where such an exception is preserved, and, under the rules of this court, we are not obliged to search through the record to find that which it is clearly the duty of counsel to point out and print in his abstract. Whether this exception is in the record proper, or in the bill of exceptions, we have no means of knowing except by a diligent examination of all parts of the record which we are not called upon to make for any such purpose.

In the same way may be disposed of the objection that the court in its instructions does not, in so many words, instruct the jury that their ascertainment must be based upon the evidence. There might be some merit in this contention if a literal interpretation was given to the instructions, and if the proper objections had been taken or exceptions preserved. Satisfied, however, as we are that the jury were not misled to the prejudice of the respondent, and further considering that no proper exceptions have been preserved, we must decline to reverse the judgment upon any such ground.

That the verdict is not sustained by the evidence is strongly urged by respondent, but the mere fact that the amount of damages awarded may not correspond exactly with the testimony of any particular witness is no ground for setting aside the verdict; nor does such variance between the damages as testified to by a witness and found by the jury, support the proposition that the verdict is contrary to the evidence. The jury were freeholders of the county; they saw the witnesses as the testimony was given, and it was peculiarly within their province to determine from all the evidence in the case what compensation should be awarded; and we are not at liberty in this case to substitute our judgment for theirs, even if we differed from them.

Some objection seems to have been made as to the form of the verdict, in that it did not literally and exactly conform to the directions of the statute; but when the verdict was returned, as we understand this record, the respondent expressly waived any objection to its form.

In estimating the damages to the residue of the lands of

the respondent not actually taken, the point is made that the jury, as evidenced by their verdict, awarded damages to all of the land which the respondent owned, and did not confine themselves to that immediately adjoining the strip taken. If this were true, what possible injury the respondent suffered if the jury estimated damages to all the lands he owned, instead of confining the award to lands adjoining the strip, we are at a loss to conceive.

Other alleged errors argued pertain to rulings on admission and rejection of testimony, but on careful examination we find them not tenable. Considering the whole record in this case, while it may be true that some immaterial errors were committed in the matter of excluding or admitting testimony, we are clearly of the opinion that, considering the facts, no prejudicial error was committed against the appellant. The judgment of the trial court is affirmed.

*Affirmed.*