[No. 5966.]

KERN ET AL. v. MINEKIME.

1. **Eminent Domain—Right to Contest Necessity—Waiver Of**—Respondent denying the alleged necessity for taking, and demanding that the issue of necessity be determined before any

jury is impaneled, does not waive his right in this respect by consenting that a jury be summoned.—(380, 381)

2. **Duty of Court to Summon Commissioners**—When the respondent demands the determination of the necessity or taking, it is the duty of the court to summon commissioners for this purpose, even though the demand does not request or suggest it.—(381)

*Error to Mesa County Court*—Hon. WALTER SULLIVAN, Judge.

Mr. T. M. LOGAN, Mr. A. H. DAVIS and Mr. B. C. HILLIARD, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The defendant in error, as petitioner, sought, by special condemnation proceedings under our Eminent Domain act, to acquire a right of way for his irrigating ditch across the lands of plaintiffs in error, who were respondents below. From the decree entered upon the verdict of a jury, which ascertained the amount of damages, respondents sued out this writ of error. Objection is here made to the instructions and to the sufficiency of the evidence to sustain the verdict, but, in the view taken of the ruling of the court in denying respondents' demand to have the necessity for the taking determined, the other objections mentioned will not be considered.

Respondents filed an answer in which they set forth many reasons for their claim that there was no necessity for the taking, and therein demanded that a jury be called to try the issues. On the morning of the day set for the hearing the parties, by their counsel, appeared in court and agreed to the calling of a jury. A venire was issued, and a recess of the court taken until the afternoon of the same day, at which time, and before the jury was impaneled, re-

spondents called to the attention of the court and
counsel for petitioner the fact that they asserted that
there was no necessity for the taking, and demanded
that that issue be determined before the trial upon
the question of damages was begun.  Counsel for
petitioner objected to the taking up of this question
until after the jury was sworn to try the case, and
the court took no action and made no ruling upon re-
spondents' demand at the time it was made.  Imme-
diately thereafter the jury was impaneled and sworn
to try the issues, and it then appearing from the
statement of respondent's counsel that they proposed
to have the question of the alleged necessity, as well
as the amount of damages, determined by the jury,
petitioner objected to trying before the jury the ques-
tion of necessity.  The court sustained the objection
upon the ground that by demanding a jury respond-
ents had waived the determination of the necessity
for the taking.

In requesting that such necessity be first deter-
mined, respondents did not specifically ask that it
be determined by a commission.  And it is not quite
clear whether the demand was made before the stipu-
lation for a jury was entered into.  There is no doubt,
however, that it was made before the jury was im-
paneled and before respondents voluntarily entered
upon the trial, assuming that the impaneling of a
jury is part of the trial.  The court apparently based
its ruling upon *Sand Creek L. I. Co. v. Davis,* 17
Colo. 326, and *Thompson v. Ditch and Reservoir
Company,* 25 Colo. 243.  An examination of those
cases, however, discloses that they are not authority
for this ruling.  In the *Sand Creek case,* the court
expressly said that "a party may demand a jury to
try the question of compensation and damages, and
at the same time, or at any time before entering upon
such trial, may demand the appointment of a board

of commissioners to try the question of the alleged necessity." While respondents did·not, as already stated, ask that the hearing be by a board of commissioners, yet the demand was seasonably made and it was the duty of the court in response thereto to summon a board for that purpose. The demand was not waived, and its refusal constituted prejudicial error. for which the decree must be reversed.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.