[No. 6053.]

KASCHKE v. CAMFIELD.

1. **Eminent Domain—Proceedings by Private Persons**—Under § 1716, Mills' Ann. Stats., a private person may condemn the lands of another for the site of a reservoir, or other like purpose. That the petition shows the proposed reservoir to be in an irrigation district does not require that authority from such district should be exhibited.—(63)

2. **Preliminary Questions—Necessity**—Inability to agree, and the like, are to be determined by the court—necessity by commissioners appointed by the court for the purpose and not by the jury of inquest. If the land owner consents to the impaneling of a jury, he waives his right to urge such preliminary questions.—(66)

3. **Burden of Proof**—The burden of establishing the amount of his damages, is upon the land owner.—(66)

*Appeal from Sedgwick County Court* — Hon. A. H. MILLER, Judge.

Mr. WM. T. ROGERS, for appellant.

Mr. JAMES W. McCREERY, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is a proceeding brought by the appellee, petitioner below, against the appellants, respondents below, to condemn certain lands located in Sedgwick county, for a reservoir site, belonging to Wilhelmina Kaschke, in which action her husband, Henry Kaschke, was joined.

In strict conformity with every material requirement of the statute, it is set forth in the petition, definitely and specifically, that the petitioner has acquired part of the site and rights-of-way for an irrigation reservoir, under the act of congress of March 3, 1901, and is engaged in its construction; the authority of the petitioner in the premises; the purpose for which the property is sought to be taken, with a description thereof; the name of the owner; his inability and failure to agree concerning the compensation to be paid for it; with a prayer that the proper compensation be ascertained according to law. To this petition, the respondents filed a motion to dismiss. for these stated reasons: 1—The petition of the petitioner sets forth no authority in the premises. 2—Nor the purpose for which said property is sought to be taken. 3—That said petition does not state facts sufficient to give this court jurisdiction. This motion was by the court overruled. Whereupon, the respondents, without more, requested a jury to assess the compensation to be allowed, which was duly impaneled and sworn, and in due course rendered a verdict in the statutory form, fixing damages at $500.00. Afterward, and on the same day, respondents filed a motion for a new trial, which motion was also overruled; whereupon a final judgment order was entered upon the verdict.

During the progress of the trial, and after the jury had been selected and sworn, and before any testimony was taken, the court ruled that the burden in proving damages was upon the respondents.

Counsel for appellants discuss three alleged grounds of error: 1—That the court erred in overruling the motion to dismiss. 2—That no direct proof was made by the petitioner of an attempt to agree with the owner as to the compensation to be paid for the land; and, 3—That it was error to require the respondents to assume the burden in the trial of the case.

The sworn petition here shows that the reservoir to be constructed was to be used for the storage of water for the irrigation of lands, embraced in what is known as the Julesburg Irrigation District, located in said Sedgwick county. From this fact, counsel for appellants apparently assumed that the proposed reservoir belonged to the said Julesburg Irrigation District, and that the petitioner, showing no authorization from that organization to condemn said land, it is argued that he was without authority to institute and maintain these proceedings. This assumption of fact finds no syllable of support in the record. On the contrary, the petitioner avers that *he* is engaged in the construction of a reservoir for the storage of water, to be diverted from the South Platte river, and used for the irrigation of lands, supplementing these averments with the fact that the lands so to be irrigated are located in a certain place, to wit, the said Julesburg Irrigation District. These are words merely of description as to location, and indicate nothing which, by the remotest possibility, warrants the conclusion that said district, as such, had any interest in the reservoir which the petitioner was then constructing. The averments of the petition show that the petitioner was seeking to

condemn lands for a reservoir site, which he personally, and in a private capacity, proposed to construct and use. That he might so do is beyond controversy. Section 1716, Mills' Ann. Stats., provides:

"Under the provisions of this act, private property may be taken for private use for private ways of necessity, for reservoirs, drains, flumes or ditches, on or across the lands of others, for agricultural, mining, milling, domestic or sanitary purposes."

All that counsel for appellants has said in reference to the alleged error in this ruling is beside the case, and the authorities which he cites in support of his contention have no application. We have no quarrel with the law as laid down in those cases; they simply are not in point here. The motion to dismiss was properly denied. The petition contained everything necessary to be stated to give the court jurisdiction, in conformity with the requirements of the Eminent Domain act. But for the gratuitous assumption of counsel that the petition means something totally different from that which it so well and clearly states, there would be nothing upon which to hang an argument in support of the motion to dismiss. Since there is nothing in the record to uphold such assumption, and it being therefore wholly unwarranted, the argument based upon it of necessity fails.

The second ground urged as error requiring a reversal of the judgment herein, is that not only was there no direct proof by the petitioner of an attempt made to agree on compensation, but, on the contrary, that there was proof showing, or tending to show, that no such effort had in fact been made. It is to be observed that this is one of the preliminaries which go to establish the right of a petitioner to maintain proceedings to condemn, just as the necessity for the taking of the land sought is a preliminary matter affecting such right. All preliminary

matters are, in a regular and orderly course, to be disposed of before a jury is called to assess damages; for, unless the right to condemn be first established, there will be no damage, hence no occasion for a jury. The jury comes for that single purpose, and for no other. That such is the case is settled by the express provision of the statute, which is in part as follows:

"Any party to any proceeding brought under the provisions of this act before the appointment of commissioners as in section six aforesaid provided, and before the expiration of the time for the defendant to appear and answer, may demand a jury of freeholders residing in the county in which the petition is filed, to ascertain, determine and appraise the *damages or compensation* to be allowed; such demand may be made in the pleadings, or by a separate writing filed with the clerk."—Mills' Ann. Stats., § 1721.

It may be, and doubtless is, true that an averment in the petition to condemn land, that the compensation to be paid therefor cannot be agreed upon by the parties interested, is jurisdictional, and therefore a necessary one; but, while this is so, the question of the right of the petitioner to maintain his petition is not for the jury, but was a matter with which it had no concern, because its sole function, as indicated by the statute, was merely to ascertain and report the compensation due the owner of the property sought to be taken. The question of the right to condemn is for the court, as a preliminary matter, and should be determined before a jury is called to ascertain damages and fix compensation. The property owner has the privilege of controverting the petitioner's right to condemn, and when he does so, the burden is upon the latter to maintain his right by proper proofs; but where the owner fails to make such contest, in the

proper manner and at the proper time, the right in the petitioner to condemn will be deemed admitted, leaving the amount of damages to be awarded as the sole matter in dispute. So, in this case, the respondents might have objected, before the request for and the calling of a jury, that no attempt had been made by the petitioner to agree with them upon the subject. That was properly a matter for the court to have determined, it being its particular province to do so. Section 6 of the Eminent Domain act provides, among other things:

"The court or judge may adjourn the proceedings from time to time, shall direct any future notice thereof to be given that may seem proper, shall hear proofs and allegations of all parties interested, touching the regularity of the proceedings."—Mills' Ann. Stats., § 1720.

That is, if there is any question of the right of the petitioner to condemn, the court should determine that upon objection made and proof taken. Under the statute, the necessity for taking the property might be determined by a commission to be appointed by the court, but not by a jury in the ordinary sense. The question as to whether reasonable effort to agree upon the compensation to be paid for the property sought to be taken has been made, is one for the court to determine as preliminary to the submission to a jury of the question of damages. The respondents waived the making of such proof by going to trial upon the merits of the controversy without objection. If proof is required to be made of the formal allegations of the petition, such proof is addressed to the court. In the first instance, the sworn petition is sufficient proof of the truth of the matters therein set forth touching the right to condemn, and unless a respondent makes objection as to the correctness thereof, and applies to the court for

further investigation of such preliminary matters, additional showing will not be required.

In this case not only was there no objection made to the petitioner proceeding to have the compensation to be paid ascertained, because of his not having established his right to condemn; but counsel for respondents expressly requested a jury, as provided by law, to determine that precise matter. They took part, without objection, in impaneling the jury, and in the submission to it of the question of damages, and thoroughly contested this point on the merits. By so doing, they waived all objection as to the petitioner's right to condemn, which involves the preliminary one of whether an attempt to reach an agreement as to such compensation had been made, and thereby, impliedly at least, admitted such right and such attempt. The respondents, possibly disappointed in the jury's award, should not now be permitted to retrace their steps and contest questions which were only preliminary to a jury trial.—*Warner v. Town of Gunnison,* 2 Col. App. 430; *Sand Creek Irr. Co. v. Davis,* 17 Colo. 236; *Seider v. Seeley,* 8 Col. App. 499; *Union Pacific R. Co. v. Colorado Postal Co.,* 30 Colo. 133; *Lieberman v. Chicago,* 144 Ill. 140; *Wilson v. Trenton,* 53 N. J. L. 178; *Doughty v. Summerville,* 21 N. J. L. 442.

Upon the third and only remaining question, that the court erroneously placed the burden upon the respondents to establish their damage, it need only be added that the question has already been determined and set at rest by this court, and contrary to the contention of appellants. In *Colo. Central R. Co. v. Allen,* 13 Colo. 238, it is said:

"In proceedings to condemn property for public use the burden is upon the defendant to show the value of the property or interest therein actually

taken, as well as the damages, if any, to the residue of such property.''

Manifestly the rule there announced is controlling upon the like question here presented. The record appearing free of error the judgment should be affirmed and it is so ordered.   *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.