[No. 6401.]

## WILLIAMS v. COUNTY COMMISSIONERS OF ROUTT COUNTY.

1. **Abatement—Prior Action Pending**—A bill to enjoin the opening of a road through private lands is no bar to a subsequent proceeding to take the same lands for the same purpose, under the statute of eminent domain.—(544)

2. **Election of Remedies**—The principle that a prosecution or demand of one remedy precludes the application for a different one applies only where the two are inconsistent. A proceeding by the commissioners to open a road under the general road law (Mills' Stat., c. 108, Rev. Stat. c. 123 IV) is no bar to a subsequent proceeding under the statute of eminent domain (Mills' Stat. c. 45, Rev. Stat. c. 45).—(545)

3. **Eminent Domain—Preliminary Questions**—Where the summons is returnable at a certain day and hour, no answer being interposed at the hour appointed, the court may proceed at once to the appointment of commissioners to ascertain the compensation to be made. Failing to answer at the time specified is a waiver of all questions as to the necessity for the taking and the attempt to agree.—(547)

4. **Order Appointing Commissioners**, need not describe the lands sought to be taken, though it seems this is the better practice.—(548)

5. **Appeals—Presumptions**—Where the ground upon which a motion was denied is not shown, the court of review presumes that the court below acted upon a tenable ground appearing in the record.—(547)

6. **What May Be Assigned for Error**—Respondent in a proceeding under the statute of eminent domain, having expressly waived all objections to the commissioners appointed to ascertain the damages and compensation, will not be heard to complain that he was not notified of the application for their appointment. —(548)

*Appeal from Routt County Court* — Hon. CHARLES A. MORNING, Judge.

Mr. A. M. GOODING for appellant.

Mr. EDWARD C. STIMSON for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as petitioner, instituted proceedings under the Eminent Domain Act against the appellant, as respondent, to condemn certain lands of the latter for the purposes of a highway, which terminated in a judgment in favor of the petitioner, from which the respondent has appealed.

Respondent appeared specially and filed a plea to abate the proceedings, which was overruled. This ruling, it is contended, was erroneous. The averments of the plea were to the effect that, at the time the condemnation proceedings were instituted, another action was pending in the district court, in which a temporary injunction had issued, restraining the petitioner from opening or working a road over the premises sought to be condemned until the further order of the court, for which reason, it was claimed, the district court had acquired, and then

had, full and complete jurisdiction of the subject-matter of the action.

As applied to the facts of this case, the pendency of an action in order to constitute a bar to another subsequently commenced, it must appear, among other things, that the question presented for determination in the second action is the same as that involved in the first. According to the pleadings in the action relied upon to support the plea to abate, and the testimony introduced, it appears that petitioner had theretofore taken steps under the General Road Law to open a road over and along the premises involved in the condemnation proceedings. The suit instituted in the district court was for the purpose of restraining the board from opening or working such road, based upon the ground that the proceedings of that body were irregular, in that the statutory provisions relating thereto had not been followed. The sole issue was the improper method of the proceeding of the county commissioners. No such question is involved in the condemnation proceedings, and whatever the district court might determine in the action before it, would not be an adjudication of any question involved in the case at bar. The court did not err in overruling the plea to abate.

In this connection, it is convenient to consider the proposition advanced by counsel for appellant, to the effect that the court erred in refusing to dismiss the condemnation proceeding, for the reason that petitioner had elected to proceed under the General Road Law, and was so proceeding at the time the action under the Eminent Domain Act was instituted. In support of this contention, it is urged that inasmuch as it appears from the petition filed by the board of county commissioners they had first proceeded under the General Road Law to establish

a road over the premises involved, that thereby they elected to pursue a remedy which precluded them from proceeding under the Eminent Domain Act without first dismissing the proceeding first instituted. If this proposition can be applied to actions where the proceedings of a board to establish a road are prescribed by statute, as they are by the laws of this state (upon which we do not express an opinion), it is without merit when applied to the facts disclosed by the record before us. The General Road Law prescribes a method of establishing highways and ascertaining the damages resulting to the person whose land is taken for this purpose. It further provides:

"The board of county commissioners of any county may, and they are hereby authorized, to take and condemn or cause to be condemned, the lands of private persons under and according to said Eminent Domain Act in the first instance, without view or other proceeding under this act."—§ 3945, 2 Mills' Ann. Stats.

An election of remedies made with knowledge of the facts between coexisting remedial rights which are inconsistent, constitute a bar to any action based upon a remedial right inconsistent with that asserted by the election.—15 Cyc. 262. This doctrine, however, as will be observed, only holds good when the remedies are inconsistent with each other.—*German Nat'l Bank v. Best*, 32 Colo. 192; *Woodworth v. Gorsline*, 30 Colo. 186.

That is to say, remedies must be inconsistent to preclude resort to one after the adoption of the other.—*Bradner, Smith & Co. v. Williams*, 178 Ill. 420.

In the case at bar, there is no inconsistency between the two methods which may be pursued for the purpose of establishing a highway. Both are

provided to accomplish the same purpose. Neither is antagonistic to the other. In the statutory proceeding, the board of county commissioners have not taken any position, attempted to prove any fact, or asked for any relief which is in the slightest degree antagonistic with the position assumed in the condemnation proceedings. The court did not err in refusing to sustain the motion to dismiss.

At the expiration of the hour of the day the summons was made returnable, the petitioner applied to the court for an order appointing commissioners to appraise and determine the damages and compensation to be allowed the respondent, which application was granted, and commissioners named. Respondent did not take any part in this matter, was not present when the application was made, and the order entered, neither was she notified that the application would be made. Immediately following the action appointing and naming the commissioners, respondent filed an answer, in which she denied that petitioner had endeavored to agree with her with respect to compensation for the right-of-way involved, and also denying the necessity for, and expediency of, establishing a highway over such right-of-way. To this answer was appended a prayer to the effect that the issues thus raised be tried in the manner and form prescribed by law; that the court make all necessary orders and citations relative thereto, and that the matter of compensation be held in abeyance until the same be tried in due course. Three days later respondent filed a motion to hold inoperative the order appointing the commissioners until a due and proper hearing could be had upon the issues made by her answer, and the petition not triable before the commissioners. By this motion she also asked that the order referred to be vacated for the reason that she was not noti-

fied of the application or motion of petitioner for the appointment of commissioners, and for the further reason that the order did not point out or describe the land, the necessity of the taking of which, as well as the damages thereto, was to be passed upon by them. She further requested that the order be amended in this respect. This motion was filed on May 17, 1907, but was not heard until June 26 following, when it was overruled. May 21, 1907, the commissioners organized and thereafter proceeded to ascertain the damages which should be awarded the respondent, and later filed their report. To this report the respondent excepted, and moved to set it aside, based, substantially, upon the grounds (so far as necessary to consider), that the court had refused to hold the matter of compensation in abeyance until the issues made by her answer were heard and determined in due course, had refused to try such issues, and had refused to vacate the order appointing commissioners, and to amend such order as requested in her motion filed May 17. This motion was overruled.

The Eminent Domain Act contemplates that all material questions or issues raised by the answer should be tried, settled and determined *in limine*— that is, before steps are taken to ascertain the compensation and damages; and, generally speaking, respondent must so request and be in a position, by appropriate pleading, to make such request before such steps are taken; otherwise, he will be regarded as having waived such questions and issues. —*Sand Creek L. I. Co. v. Davis*, 17 Colo. 327; *Thompson v. De Weese D. & R. Co.*, 25 Colo. 243; *Siedler v. Seely*, 8 Col. App. 499; *U. P. R. Co. v. Colo. Postal T. Co.*, 30 Colo. 133; *Colo. F. & I. Co. v. Four Mile R. Co.*, 29 Colo. 90; *Käschke v. Camfield*, 46 Colo. 60.

The question then presented is, whether the answer raising issues which respondent claims should have been settled *in limine* was filed in such time that it can be said she has not waived them. The statute on the subject of eminent domain, § 2418 Rev. Stats., requires that the summons to the respondent shall be returnable on such day and hour as the court or judge may fix, not less than thirty days after its issuance. The summons in the case at bar required respondent to appear and answer the petition at the hour of ten a. m. on the day she filed her answer, now under consideration. Her answer was not filed until after that hour of the day fixed in the summons, nor until after the order was entered appointing and naming the commissioners to assess damages. She offered no excuse for having failed to file it earlier. Her appearance theretofore was only special. She had not asked, nor had she been given, additional time to answer. A party cannot disregard the process of our courts and then, after steps are taken by the adverse party which could have been prevented, or rights preserved by obeying it, come in and assert such rights or ask to have such steps set aside, without some showing which would justify the court in excusing his delay to appear as required by the process served upon him. In the circumstances of this case, respondent, by failing to file her answer in apt time, waived the right to a trial of the issues which she thereby attempted to raise. The record is silent as to the ground upon which the trial judge based his judgment overruling the various motions to which we have referred, but it could have been upon the failure to answer in apt time; and with the record silent upon the subject, we must assume that it was based upon a ground which the record discloses was tenable.

This case is clearly distinguishable from *Kern v. Minekime,* 45 Colo. 378. There the respondents, by appropriate plea and demand, had preserved their rights in apt time, and it was held, in the circumstances of that case as recited in the opinion, that they had not waived the rights which they sought to preserve previous to the steps subsequently taken in the case. By her motion, under consideration, respondent expressly waived any and all objections whatsoever to the personnel of the commission. We take it this means that the persons appointed were satisfactory to the respondent in all respects. Conceding, but not deciding, that respondent was entitled to be notified of the application for an order appointing commissioners, so that through her counsel she could have taken part in selecting persons qualified to act, and satisfactory to her, she cannot complain when she has expressly indicated that they are, and that the situation is no different from what it would have been had she been present and taken part in their selection.

The statute does not require that the land to be taken or damaged should be specifically described in the order appointing the commissioners. Perhaps it would be well to do so, but the record discloses that respondent was not in any manner prejudiced by the failure of the order to describe the premises involved. The order complained of, by necessary intendment, embraced the land described in the petition, and the report of the commissioners shows that this was the land and premises which they considered. Non-prejudicial irregularities are not sufficient to work a reversal.

The judgment of the county court is affirmed.

*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.