[No. 8468.]

MULFORD v. FARMERS RESERVOIR & IRRIGATION COMPANY.

1. APPEAL AND ERROR—*Interlocutory Order*, not occasioning any injury to defeated party is harmless, even though erroneous. (170.)

2. EMINENT DOMAIN—*Petition—Requisites.* The petition for a way for an irrigating ditch, over the cultivated lands of another, need not aver that the way sought is the shortest and most direct route practicable, etc. The provisions of Rev. Stat., sec. 3171, are not jurisdictional. TELLER, J., dissented. (171.)

3. ——*Practice.* If the way sought for an irrigating ditch is not the shortest and most direct route practicable, the respondent should present the question *in limine.* Voluntary submission of the cause to the jury waives the objection. (172.)

4. ——*Damages — Of What Date To Be Estimated.* The land taken is to be valued as of the day of the trial. Rev. Stat., sec. 2431. (173.)

5. ——*What Damages To Be Allowed.* All present and prospective, which are the natural, necessary, or reasonable result of the taking, except such as may arise from negligent or unskillful construction. (173.)

6. ——*Rental of Lands While in Possession of Petitioner,* not to be allowed without evidence of rental value. (173.)

Whether allowed in any case, *quaere.*

7. ——Sec. 2416, Rev. Stat., is to be construed in connection with sec. 3171. TELLER, J. (175.)

*Error to Weld District Court.* Hon. HARRY P. GAMBLE, Judge.

Mr. CARLE WHITEHEAD, and Mr. ALBERT L. VOGL, for plaintiff in error.

Messrs. SMITH, BROCK & FERGUSON, and Mr. JOHN P. AKOLT, for defendant in error.

Mr. Justice BAILEY delivered the opinion of the court.

On October 1st, 1909, defendant in error presented to the Judge of the District Court of Weld County its petition in a proceeding under the eminent domain statutes, to condemn rights of way for two irrigating ditches upon and across a section of land owned by plaintiff in error, respondent below, to-wit: Section 33, Township 2 North, Range 67 West. The same day an order was entered, upon an *ex parte* hearing, granting petitioner immediate possession of the land described in the petition and sought to be acquired, upon a deposit of the sum of $335.25 with the clerk of the court for the protection of the respondent.

On February 15th, 1910, respondent filed two motions, one to vacate and annul the order granting imme-

diate possession of the land, on the grounds that the law, section 2456, Revised Statutes 1908, under which it is claimed to have been made, is unconstitutional, in that it permitted the taking of property without due process of law, contrary to section 25 of article II of the state constitution, and abridged his privileges and immunities as a citizen of the United States; and another to dismiss the petition on the grounds of insufficiency, in that it failed to allege that the rights of way were the "shortest and most direct routes practicable upon which the canals could be constructed through respondent's land, with uniform or nearly uniform grade," which it is claimed was essential by virtue of the provisions of section 3171, R. S. 1908.  Both motions were denied.

May 9th, 1911, respondent filed an answer alleging that the market value of the land sought to be condemned was $600. and that the damage to the remainder of the land was $1,150.  Upon trial the jury found the value of the lands described in the petition was $376; that the damage to the remainder of the land was $142.92; and that there was no resulting benefit to the residue.  A motion for a new trial was overruled, and judgment entered for petitioner, decreeing to it the rights of way in fee, upon payment into court, for the use of respondent, of the sum of $500.92, the amount found by the jury.  The respondent prosecutes this writ of error.

The jury were instructed that in determining the value of the land taken they were to be "governed by its market value at the present time," i. e., the time of trial, and that all damages "present and prospective" should be assessed "that are the natural, necessary or reasonable result of the taking."  The respondent requested an instruction, which was refused, to the effect that he be compensated for all damages "which have resulted or will result to him in the future" as a consequence of the condemnation of the land.

The propositions urged for a reversal consist of the rulings upon the two motions and the giving and refusing of instructions. Whether it was error to overrule the motion to annul and vacate the order for immediate possession on the grounds that the statute, section 2456, *supra,* under which plaintiff in error claims it was issued, is unconstitutional, is a question which may not properly be urged on this review. The order for immediate possession was interlocutory, and even if erroneous would not justify a reversal of the final judgment unless it prejudicially affected substantial rights on the merits of the case. *Lavelle v. Julesburg,* 49 Colo. 290, 294, 112 Pac. 774; *Colo. F. & I. Co. v. Four Mile Ry. Co.,* 29 Colo. 90, 66 Pac. 292. It is clear that the order had no such effect, and under such circumstances the question of the constitutionality of the statute is moot.

It is contended that error was committed in overruling the motion to dismiss the petition on the ground that it failed to allege that the right of way sought to be condemned was the "shortest and most direct route practicable," etc., on the ground that this averment was jurisdictional. Section 3171, *supra,* provides:

"Whenever any person or persons find it necessary to convey water for the purpose of irrigation through the improved or occupied lands of another, he or they shall select for the line of such ditch through such property the shortest and most direct route practicable, upon which said ditch can be constructed with uniform or nearly uniform grade, and discharge the water at a point where it can be conveyed to and used upon land or lands of the person or persons constructing such ditch."

Section 2416, R. S. 1908, states what the petition in a case of this sort shall contain, and provides, in substance, that it set forth, by reference, the authority of the petitioner in the premises, the purpose for which the property is sought to be taken or damaged, a description

of the property, and the names of the owners or persons interested.

*Kaschke v. Camfield*, 46 Colo. 60, 102 Pac. 1061, is cited and relied upon in support of the contention that the averment in question was jurisdictional, where it was said:

"It may be, and doubtless is, true that an averment in the petition to condemn land, that the compensation to be paid therefor cannot be agreed upon by the parties interested, is jurisdictional, and therefore a necessary one."

This holding is based upon that part of section 2416, *supra,* of the eminent domain statute, which provides:

"That in all cases where the right to take private property for public or private use without the owner's consent   *   *   *   had been heretofore or shall hereafter be conferred by general laws or special charter   *   *   * and the compensation to be paid for in respect to the property sought to be appropriated or damaged for the purposes above mentioned, cannot be agreed upon by the parties interested,   *   *   *   it shall be lawful for the party authorized to take or damage the property so required,"   *   *   *

It is apparent from these express provisions of the statute that failure to agree upon compensation to be paid for land sought to be taken or damaged is made a condition precedent to the right to institute and maintain proceedings thereunder at all, and is clearly jurisdictional, while the requirement of section 3171, *supra,* to the effect that the line sought to be taken must be the shortest and most practicable one, is a matter which plainly goes to the necessity for the taking, and is not in any sense jurisdictional. Section 3171, *supra,* is no part of the eminent domain statute, but is found in an act relating to rights of way in the appropriation and use of water for irrigation purposes, another section of which,

section 3169, R. S. 1908, expressly provides that a proceeding to condemn and take such a right of way shall be pursued under the statute of eminent domain. If as a matter of fact the line proposed was not the "shortest most direct route practicable," the defendant should have had the question disposed of *in limine*. *Sand Creek L. & I. Co. v. Davis,* 17 Colo. 326, 29 Pac. 742; *U. P. R. R. Co. v. Colo. Postal Tel. Co.,* 30 Colo. 133, 69 Pac. 564, 97 Am. St. 106; *Colo. F. & I. Co. v. Four Mile Ry. Co., supra; Kaschke v. Camfield, supra.* As this allegation was not jurisdictional, the defendant, by submitting the cause to the jury on the question of damages, waived further consideration of it. It was said in *Kaschke v. Camfield, supra*:

"The property owner has the privilege of controverting the petitioner's right to condemn, and when he does so the burden is upon the latter to maintain his right by proper proofs; but where the owner fails to make such contest, in the proper manner and at the proper time, the right in the petitioner to condemn will be deemed admitted, leaving the amount of damages to be awarded as the sole matter in dispute."

The motion to dismiss the petition was properly overruled, because a dismissal was competent only if the averment were essential to jurisdiction. Proofs could have been demanded on the question of whether the proposed line was the "shortest and most direct route practicable." This should have been done, in order to save the point, before submitting the question of damages. Where, as in this case, the petition is in full compliance with the requirements of the eminent domain statute, it must be held good against a motion to dismiss, although every evidentiary fact, which under the statute is required to be shown in order that the relief prayed be granted, may not be specifically set out.

The jury was instructed that in determining the value of the land taken they were to be governed by its market value at the time of trial. This is in harmony with section 2431, R. S. 1908, and the decisions of this court. *Lavelle v. Julesburg, supra,* and cases cited. It follows therefore that the offer of proof of the value of the land taken at the time actual possession was given was properly rejected.

It was further correctly instructed that in this proceeding all damages present and prospective that were the natural, necessary or reasonable result of the taking should be assessed, except such as may arise from negligent or unskilful construction. *Denver City I. & W. Co. v. Middaugh,* 12 Colo. 434, 439, 21 Pac. 565, 13 Am. St. 234; *Loloff v. Sterling,* 31 Colo. 102, 107, 71 Pac. 1113; *Farmer's Co. v. Cooper,* 54 Colo. 402, 407, 130 Pac. 1004; *Moffat v. Denver,* 57 Colo. 473, 482, 143 Pac. 577. The instruction which respondent asked to have given permitted recovery of all damages "which have resulted or will result," which is simply another way of saying all damages present and prospective, since present damages that are the "natural, necessary or reasonable result of the taking" are necessarily damages "which have resulted," damages being the loss suffered by the taking. If, as contended, plaintiff in error should have been allowed the rental value of the condemned property for the period from the date possession was given to the time of trial, as part of his damages, a matter which we do not decide, testimony showing such rental value should have been offered, but as this was not done he has and can have no legitimate ground of complaint in that behalf, since if that proof was competent at all it was available under the rule for the measure of damages given.

The judgment is in all respects right, and it is accordingly affirmed.

*Judgment affirmed.*

Decision *en banc.*

Mr. Justice Teller specially concurring.

---

Mr. Justice Teller concurring specially.

I concur in the judgment of affirmance, but cannot agree with that part of the opinion which holds that the petitioner was not required to allege a fact necessary to be proved as a condition to his right to take the tract of land described in his petition, viz: That it formed "the shortest and most direct route practicable," etc.

The duty of the jury, as prescribed by the statute, being only to fix the amount of compensation or damages to be paid the respondent, it follows, as this court has held, that all matters preliminary to the jury trial must be settled prior to such trial; but that fact does not, as the majority opinion seems to hold, affect the question of what is necessary to be stated in the petition. The majority opinion holds that the question of the shortness and directness of the route is included in the question of the necessity for the taking. Clearly such is not the fact. The language of the statute is:

"Whenever any person or persons find it necessary to convey water for the purpose of irrigation through the improved or occupied lands of another," etc.

The necessity here intended is to convey water through the lands of another, not the necessity for taking a particular route. This is recognized in *Sand Creek L. I. Co. v. Davis,* 17 Colo. at page 331, 29 Pac. 743, where the court said:

"Strictly speaking, there was no issue as to the *necessity* of the taking. There was no controversy as to the necessity petitioner was under to convey water

through improved or occupied lands for the purpose of irrigating his own lands lying beyond."

Under *Kaschke v. Camfield,* 46 Colo. 60, 102 Pac. 1061, the petition makes a *prima facie* case of right to condemn, and, that being so, it ought to allege every fact necessary to the right to take the land described in it. To hold the contrary is to say that a *prima facie* case of a right may be made without regarding one of the express conditions upon which the right is based; for an uncontested petition can be treated as establishing *prima facie* only the facts therein alleged.

I cannot regard section 2416, R. S. 1908, as determining this question of pleading. That section forms a part of a statute enacted long prior to section 3171, R. S. 1908, and should be construed in connection with the latter. Thus considered it cannot be regarded as prescribing what should be alleged in an application for a right to which new conditions have been attached by the later enactment.

In this case the respondent by going to trial on the issue of damages is rightly held to have waived this question, and for that reason I concur in the judgment of affirmance.