## McClain v. The People.

1. That portion of section 242 of the code, which provides for preliminary possession and use of property pending condemnation proceedings, is not open to objection under section 15, article II, of the constitution.

2. The right of temporary possession is not as of course. It is the duty of the judge before granting the order to investigate and determine, first, whether the preliminary possession is needful, and secondly, what sum will be a sufficient deposit to cover the award when made.

*Error to County Court of Clear Creek County.*

PROCEEDINGS were instituted in the court below in pursuance of the eminent domain act, for the purpose of condemning a right of way over premises under the control of plaintiff in error. In accordance with the statute, an order was obtained from the court for occupancy and use pending the condemnation proceedings. Petitioner complied with this order by depositing with the clerk of the court the sum fixed by the judge thereof; but its attempt to take possession under the order was resisted by plaintiff in error, who was respondent. Thereupon plaintiff in error was cited before the court to answer for a contempt. Upon investigation he was found guilty, and judgment duly pronounced. To review and reverse that judgment this writ of error was sued out.

The statute above referred to is section 242 of the Civil Code. It reads, *inter alia*, as follows: "* * * And at any stage of * * * any proceedings under this act the court or judge may, by rule in that behalf made, authorize the said petitioner * * * to take possession of and use said premises during the pendency, and until the final conclusion, of such proceedings, and may stay all actions and proceedings against such petitioner on account thereof; provided, such petitioner shall pay a sufficient sum into court, or to the clerk thereof, to pay the compensation in that behalf when ascertained; provided, further, that the judge of the court before or wherein any such proceedings are had shall determine the amount such petitioner shall be required to pay or deposit pending such ascertainment. * * *"

Section 15, article 2, of the state constitution, which is referred to in the opinion, contains the following lan-

guage: "That private property shall not be taken or damaged, for public or private use, without just compensation. Such compensation shall be ascertained by a board of commissioners, of not less than three freeholders, or by a jury, when required by the owner of the property, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be needlessly disturbed, or the proprietary rights of the owner therein divested.    *    *    *"

Mr. W. T. Hughes, for plaintiff in error.

Mr. Willard Teller and the Attorney-General, for the State.

Helm, J.    The principal objection urged in this case challenges the constitutionality of section 242 of the Civil Code, in so far as it permits the preliminary possession and use of property pending condemnation proceedings. This challenge is based upon a supposed disregard of section 15, article 2, of the state constitution. A partial analysis of the constitutional provision named discloses the following facts: That it first prohibits the taking or damaging of private property for public or private use without just compensation; that it then requires such compensation to be ascertained in one of two ways, viz., by a board of commissioners of not less than three freeholders, or by a jury, when demanded by the owner of the property; and that it follows this requirement with a restrictive clause, declaring, in effect, that until such compensation, ascertained in one of these methods, shall have been paid to the owner, or into court for the owner, the property shall not be *needlessly* disturbed, or the proprietary rights of the owner divested.

It is therefore to be observed that under the constitution but two methods of ascertaining the final compensation to be paid in such cases are recognized. It is also

to be noted that until the compensation, ascertained in one of the two ways mentioned, shall have been *first paid or deposited*, the title or proprietary rights of the owner cannot be divested, nor can the property be needlessly disturbed. But the insertion of the provision relating to *needless* disturbances of property is a recognition of the fact that there may be *needful* disturbances thereof; also that such needful disturbances may take place without the prior payment or deposit of compensation ascertained in one of the two methods designated. In this respect our constitution seems to be unique; no exactly corresponding provision is to be found in the constitutions of other states. That of Missouri contains the nearest approach thereto that we have discovered. Section 21, article 2, thereof embraces a similar expression, except that the word "needlessly" is omitted. The present constitution of Missouri was adopted in 1875, that of Colorado in 1876, and it is altogether probable that the language of our section 15 aforesaid, now under consideration, was borrowed from the Missouri provision mentioned. If this be true, the interpolation of the word "needlessly" is of peculiar significance. Aside from the rule requiring that every word in a law, whether constitutional or statutory, shall, if possible, be given some meaning, there is therefore, in this case, an additional reason for concluding that the change in question was deliberately and intentionally made by the framers of our constitution for a specific purpose.

We do not feel warranted in holding that this word was inserted for the purpose only of permitting, without prior compensation, certain temporary disturbances,— such as those occasioned by running surveys, locating lines, and the like. The legislative power to authorize a temporary occupancy for these purposes, without requiring a prior ascertainment and deposit of damages, has been generally recognized under stringent constitutional provisions for the protection of land-owners, that

contain nothing on the subject of needless or needful disturbances. *Cushman v. Smith*, 34 Me. 247; Cooley, Const. Lim. 694; Mills, Em. Dom. § 36.

The use of the word "needlessly," in our judgment, indicates that the constitution makers contemplated that other disturbances than the foregoing might be needful. But as to what these other needful disturbances are, that instrument is silent; therefore the duty of naming them must have been left with the legislature. All that body could do, however, was to recognize, in some general way, a class or classes of disturbances which might be needful in particular cases. This they have done in the statute before us. They have substantially said that, in some instances, the occupancy and use of premises by petitioner, pending condemnation proceedings, may be needful disturbances, within the meaning of the constitution. The exclusive possession and enjoyment of property are undoubtedly "proprietary rights;" but by this statute these rights are not "divested,"—they are merely suspended. Every disturbance of property almost of necessity involves the interference with some proprietary right,—in many cases the temporary suspension thereof.

The use, however, of the word "needlessly" in this connection implies an investigation of some sort. A disturbance which in one case might be deemed needful, in another might, with equal propriety, be adjudged needless. But it is clearly impossible for the legislature to sit in judgment upon each particular case, and ascertain whether or not the various disturbances sought are needful. Therefore, while that body has determined that a preliminary possession and use may be a needful disturbance, it has very appropriately delegated to certain courts, and the judges thereof, the duty of passing upon this question in particular cases as they arise. We are of opinion that the statutory expression, "the court or judge *may*, by rule, * * * authorize the said peti-

tioner to take possession," etc., confers upon him a discretionary power; that the word "may" does not mean "shall."

But the legislators concluded that while a prior final investigation and award of damages by commissioners or by a jury is not essential, yet a careful regard for the interests of land-owners, and possibly also for the spirit of the constitutional provision before us, rendered security of some kind an important prerequisite to such disturbances as those now under consideration. Hence they enacted a wise limitation upon the powers of the court or judge in the premises. They provided that whenever the court or judge, upon investigation, determines that occupancy and use pending the proceedings is a needful disturbance, he shall likewise, upon investigation, ascertain what amount will probably be sufficient to pay the sum that may ultimately be awarded by the commissioners or jury; and they further ordained that only upon the prior deposit of such sum by petitioner with the clerk of the court can such adjudged needful disturbance take place. This court, after mature consideration, has held, under the statute before us, that such deposit is security, not only for the payment of the compensation ultimately awarded if the property be taken, but also for the damages suffered by the land-owner in case the proceedings are abandoned. *Denver & N. O. R'y v. Lamborn*, 8 Colo. 380.

It follows from the foregoing conclusions that, in our opinion, the constitutional objection presented is not well taken. The judgment is accordingly affirmed.

*Affirmed.*