*Eminent domain — continuance in possession, of the company exercising the right, on its making a deposit — Code of Civil Procedure, sec. 3379.*

Where, in a proceeding by a railroad company to condemn real property, the court states in its order allowing the company to continue in possession, under section 3379 of the Code of Civil Procedure, that it appeared to its satisfaction "that the plaintiff is in possession of the premises sought to be condemned," it is to be assumed, on appeal from such order, that the court reached the conclusion that the company was in possession under a color of claim, or had acquired possession in good faith, where the papers before the court contained allegations tending to show such a possession; and that the court was not of opinion that the possession of the company originated in a trespass known to have been such, or that it was taken without color of authority.

*Matter of St. Lawrence and Adirondack Railroad Company* (133 N. Y., 270) distinguished.

*Semble*, that section 3379 of the Code of Civil Procedure, which provides that in any stage of a proceeding for the condemnation of real property, the court may authorize the plaintiff, if in possession, to continue in possession, and may stay all actions or proceedings against him on account thereof, on his giving security or depositing such sum as the court may direct, is constitutional.

APPEAL by the defendant, Julia L. De Camp, from an order made at the Oneida Special Term on the 13th day of February, 1892, and entered in the Herkimer county clerk's office on the 27th day of February, 1892, which provided that, upon depositing with the clerk of Herkimer county the sum of $5,000, subject in all respects to the order of the court, " to be held as security for the payment of the compensation which may be finally awarded to the defendants as owners or parties interested in said lands, and the costs of this proceeding ; that the plaintiff, the said St. Lawrence and Adirondack Railroad Company, be authorized and allowed to continue in' possession of the lands described in the petition herein and so sought to be condemned." Among the papers recited in the order and read upon the motion is " the answer of the defendant, Julia L. De Camp, verified herein on the 10th day of February, 1892."

The order recites that, it " appearing to the satisfaction of the court that the plaintiff is in possession of the premises hereby sought to be condemned, it is hereby ordered and directed," etc.

On November 21, 1891, the St. Lawrence and Adirondack Railroad Company filed a map locating a route of its road; the road, as located, crossed township No. 7, in the town of Wilmurt, in the county of Herkimer, over lands described in the petition. December 12, 1891, plaintiff's petition was prepared, in which it was stated, among other things, that the lands described and sought to be condemned were necessary for public use, viz., for railroad purposes. And the petition also averred " that it is now in possession of the said described lands which are sought to be condemned in this proceeding, as will more fully appear in the annexed affidavit of Charles E. Snyder, verified on the 12th day of December, 1891, and to which your petitioner hereby refers and makes the same a part of this his petition." " That your petitioner is now in possession of the same under a defective title thereto, viz., under the title of the Adirondack Timber and Mineral Company, who have an undivided interest in the lands hereby sought to be condemned, and that the defendants above named are the other persons having undivided interests in the said described property and liens thereon." In the affidavit so referred to of Snyder, after setting out the sources of title, it is alleged " that the plaintiff in this proceeding has acquired from the said Adirondack Timber and

Mineral Company, all its right, title and interest of the said Adirondack Timber and Mineral Company in and to the lands sought to be condemned in this proceeding, and is now in possession of the same under the title of the said Adirondack Timber and Mineral Company." And the affidavit further states " that the plaintiff has settled with the Adirondack Timber and Mineral Company for all its interest, right and title in and to the land sought to be condemned in this proceeding, and that with the consent of the said Adirondack Timber and Mineral Company has, under title of the said Adirondack Timber and Mineral Company, gone into possession of the lands which are so sought to be condemned in this proceeding, and is now in possession thereof with its servants, agents and contractors, and is busily engaged in the construction of its said railroad. And deponent further says that the plaintiff has for a long time been in possession of the said described premises, which are sought to be condemned in this proceeding, with the full knowledge of the agent of the defendants in charge of their interests in the said township the said Walter De Camp, and with the said knowledge and acquiescence of the defendant's agent, has cut timber from the proposed right of way of plaintiff's railroad over said township to a large extent." Other affidavits were read in behalf of the plaintiff in support of the allegations of the petition.

Mrs. De Camp's answer which was verified February 10, 1892, contains denials of most of the allegations of the petition, and sets up that " she is the owner and sole owner of the lands described by metes and bounds in the petition herein." And in opposition to the motion her affidavit, sworn to February eleventh, the affidavit of Scudder Todd, sworn to February tenth, and the affidavit of W. S. De Camp, sworn to February 18, 1892, were read, which contain denials of allegations of the petition and averments tending to support the allegations of the answer.

*C. D. Adams*, for the appellant.

*Charles E. Snyder*, for the respondent.

PER CURIAM:

The discretion and power of the Speciaal Term were exercised after considering the affidavits and allegations found in the papers. Upon those affidavits and papers the Special Term found as is stated

in its order, that it appeared to its satisfaction "that the plaintiff is in possession of the premises sought to be condemned." It may be fairly assumed that the Special Term reached the conclusion that the company was in possession under a color of claim or had acquired possession in good faith, and that the Special Term was not of the opinion that the possession which the company asserted originated in a trespass known to have been such, or that it was taken without color of authority. The case made before the Special Term, therefore, differs from the one appearing upon the papers in the case reported in 133 New York, 270, between the same parties. (Code of Civil Pro., § 3379) Under this section the court apparently exercised its discretion and allowed the plaintiff "to continue in possession," upon depositing the sum of $5,000. It was assumed by this court in its decision made in February, 1892, of the case between these parties, reported 133 New York, 270, that section 3379 was constitutional. We see no reason why we should not adhere to that conclusion. We understand the Court of Appeals simply to have decided that where a railroad company has unlawfully entered upon land "under no claim or pretense of right, in defiance of the will of the owner, under no mistake or misapprehension and without color of authority," that section 3379 does not apply to such a case. If the findings of the Special Term in the case now before us are upheld, as upon an examination of the papers before the Special Term, we are inclined to think they should be, the decision so made by the Court of Appeals is not applicable to the case in hand.

In *Cherokee Nation* v. *Kansas Railway Company* (135 U. S., in the opinion, at page 659), it was said : " The Constitution declares that private property shall not be taken ' for public use without just compensation.' It does not provide or require that compensation shall be actually paid in advance of the occupancy of the land to be taken. But the owner is entitled to reasonable, certain and adequate provision for obtaining compensation before his occupancy is disturbed;" and in that case a deposit had been made in court to pay a compensation to the owner. and it was held to be an adequate provision for the owner.

In *McClain* v. *People* (9 Col., 190 ; S. C., 11 Pac. Rep., 85), it was held that a statute authorizing the court to permit a petitioner

in condemnation proceedings to have temporary possession is not unconstitutional

In *Bloodgood* v. *Mohawk and Hudson Railroad Company* (18 Wend., 9) it was held: "It is enough that such provision be made; it is not necessary that the damages or compensation should be actually ascertained and paid previous to the appropriation of the property."

In *Smith* v. *Helmer* (7 Barb., 426), ALLEN, J., in speaking for the General Term of the fifth district, said: "It is sufficient for this case that, by the settled construction of the Constitution, which prohibits private property to be taken for public use without just compensation, actual compensation need not precede the appropriation, and that the law authorizing the reconstruction and alteration of the road in question provides for compensation, but does not make it a condition precedent to the entry upon, and appropriation of, premises for the purposes of the road."

According to the order brought before us, authorizing a deposit in court of the sum of $5,000, a deposit was made "subject, in all respects, to the order of the court to be held as security for the payment of the compensation which may be finally awarded to the defendants as owners or parties interested in said lands, and the costs of this proceeding." It appeared to us, upon the argument, that condemnation proceedings are now pending, and that the road of the petitioner is substantially completed across the premises in question, and that commissioners have been appointed to assess the damages sustained by the defendants. And from the views already expressed, it may be assumed that the rights and interests of the defendants are sufficiently guarded and protected by the order appealed from.

We think it should remain and be affirmed, with ten dollars costs and disbursements.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order affirmed, with ten dollars costs and disbursements.