# No. 16,087.

SWIFT ET AL. *v.* SMITH ET AL.

(201 [P. 2d] 609)

Decided December 6, 1948. Rehearing denied January 10, 1949.

Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, Mr. E. B. EVANS, Mr. A. D. QUAINTANCE, Mr. WILLIAM D. JOHNSON, for complainants.

Mr. George J. Robinson, for respondent Board of County Commissioners.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. John M. Evans, Assistant, for respondent State Highway Department.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

This is an original proceeding in the nature of certiorari brought under rule 106 (a) (4), R.C.P. Colo., by Eleanor Swift and others, against Osmer E. Smith, district judge, and other officials, to determine whether the latter abused their discretion in granting orders for immediate possession of certain premises belonging to Swift and others to be used for highway purposes. We issued a rule to show cause, whereupon an answer was filed, and the record in the district court was certified and filed herein.

The following facts appearing in the complaint here and record certified to us, fairly present complainants' contentions. On May 13, 1948, the Board of County Commissioners of the county of Jefferson, Colorado, and the State Highway Commission of said state filed their complaint in eminent domain in the district court, in which proceedings they sought a right of way and immediate possession of land therefor across premises belonging to the respondents therein. In the complaint in the condemnation action there were thirteen different parcels of land set forth by legal description, of which we are here concerned with parcels 1 to 6, inclusive, only. Upon the filing of the complaint, Judge Smith entered an order for the issuance of summons and for the publication of notice, making the same returnable July 30, 1948. May 21, 1948, on application of the complainants in the eminent domain proceedings, an order

for immediate possession of parcels 5 and 6 was entered by Judge Smith, by which order it was required that petitioners pay into the registry of the court the sum of $2,225.00 as a condition precedent to taking immediate possession of said parcels, which deposit was immediately made in compliance with said requirement.

In the order for temporary possession entered by Judge Smith is the following: "It further appearing from the evidence that the following sums are sufficient for petitioners to pay into this court to compensate the respondents herein *when the proper compensation is ascertained* for the taking of said parcels. Parcel number 5, $2,185.00, Parcel number 6, $40.00." (Italics ours)

So far as the record reveals, there was no evidence before the court upon which to base its determination of valuation other than the affidavits of Watson A. Bowes, Sam Y. West, and H. W. C. Prommel. Prommel's affidavit was in detail and specifically set forth his qualifications and the basis upon which he arrived at valuations in amounts greatly in excess of those placed upon the premises by Bowes and West. The Bowes and West affidavits, after the formal parts thereof, were identical in form and read: "That he has no interest in the above-entitled proceeding, that he is acquainted with the parcels of land sought to be taken in such proceeding and described in the petition in condemnation therein, and that he finds the value of the said parcels of land and the net damages, if any, to the remaining property of the respective owners of said parcels, and the compensation which is proper to be made prior to petitioners' temporarily taking possession of said parcels of land to be as follows: Parcels Nos. 5, $2,185.00; 6, $40.00."

After the entry of the order for immediate possession of parcels 5 and 6, Judge Smith and Judge Davies, both being judges of that judicial district, disqualified themselves in the eminent domain proceeding, whereupon Judge Leddy, being called upon to preside, held a hearing in Pueblo, Colorado, on June 1, 1948. The record

discloses that Judge Leddy had before him affidavits of Bowes and West in the identical form of that hereinbefore set forth, as well as the Prommel affidavit mentioned, and with no other evidence as to valuations, Judge Leddy made and entered an order for petitioners' immediate possession of parcels 1, 2, 3 and 4. Prior to entering the order, and as explanatory of his action with reference thereto, is the following quotation from the record:

"Mr. Evans: Now, then, that is true except in the question of the matter of the size of the deposit required. Now then, Chapter—

"The Court: It has always been my idea *that the deposit is somewhat of a token proposition.*

"Mr. Evans: *Yes, sir.*

"The Court: *And had no effect other than to fill out blanks.* I am saying that and if I am wrong, I am giving you an opportunity to set me right.

"Mr. Evans: That is right, Your Honor. As a matter of fact, I have always felt that the deposit, although the law does not specifically say one way or the other, is applicable to those parties, and you might be unable to compensate the parties in case the judgment rendered in the final condemnation were higher than they thought it would be. In the case of the federal government, except under the special so-called power act, the deposit is not required, but we have always followed the practice of making a deposit. *I will say that because I think it makes most people happier if a deposit is on file. I think it is a token.* Now then, I might read this portion of Section 6, Chapter 61, which concerns temporary possession. [reading a portion of section 6, chapter 61]

"In other words, let's assume we were a private party condemning for the time being; the Court is the one that determines the size of the deposit. There is nothing here that says the Court is bound by any affidavits. Affidavits are the only matters presented to the Court and I feel anything that is advisable to the Court is

germane to the proceedings and therefore, it is at the discretion of the Court, of course, and may be considered by the Court in determining the size of the deposit. Testimony, affidavits, examination by the Court physically, almost anything that assists the Court in determining what he thinks would be an adequate back log as far as compensation is concerned—

"The Court: If it was a private party, I would be very careful in going into it.

\* \* \*

"The Court: I am inclined to think under what I have, I have to give them this. As I say, I think the amount of *the deposit is a token proposition.* I shall sign this order [for temporary possession] as presented and you may dictate your exception to the reporter." (Italics ours)

Complainants here contend that the court abused its discretion in requiring, as a condition precedent to its order for temporary possession, the county and highway department to deposit into court the sum of $2,225.00 for parcels 5 and 6, and $585.00 for parcels 1, 2, 3 and 4, and that these orders violate the due process provisions of the Fourteenth Amendment to the Constitution of the United States and article II, sections 15 and 25, of the Constitution of the State of Colorado. They conclude the prayer in their complaint for certiorari with the following: "\* \* \* commanding respondents to show cause as to *why it is necessary to condemn said lands and as to why said Court should not require the deposit of an adequate sum to secure complainants for any damages they may sustain because of the taking of said property herein mentioned,* and that a stay of proceedings in the Court below shall be granted and the citation shall so state." (Italics ours)

In answer to the complaint, respondents, after making admissions and denials, state: "Likewise, these respondents deny that Sec. 47, Ch. 61, 1935 Colorado Statutes Annotated, makes any designation of the amount or pro-

portion of any amount of the deposit required, but, on the contrary, they would affirmatively show that Sec. 47, Ch. 61, 1935 Colorado Statutes Annotated, specifically grants the Court the jurisdiction over the parties to a condemnation suit, with power to grant temporary possession or right of possession during the pendency of the action, upon deposit with the clerk of the Court 'for the use of the respondent of that amount of money which the court or judge thereof, from the affidavits of two disinterested persons selected by the petitioner and from such other evidence as the court or judge thereof may require, *shall determine to be compensation proper to be made to any person* or corporation holding or owning any right, title, interest, claim, or lien or estate in, to or upon any lands, real estate, mining claim or any interest therein, * * *' " (Italics ours)

Further in said answer we find:·

"That the complaint filed herein fails to contain any allegation relating to a lack of jurisdiction on the part of the trial court, but, on the contrary, specifically alleges that the actions pending in the trial court and the orders issued by the district judges, who are made respondents herein, were commenced and begun pursuant to Ch. 61, 1935 Colorado Statutes Annotated, relating to condemnation proceedings, and specifically Sec. 47 of said Ch. 61, which authorizes and provides for a deposit to be made under the circumstances set forth in said complaint, and grants the trial courts specific jurisdiction to determine the amount of said deposits as a condition precedent to granting possession. Complainants having failed to allege any facts or set forth any order beyond the jurisdiction granted by said chapter, are not entitled to the relief prayed for under the provisions of rule 106 (a) (4).

"Fourth. Likewise, we would further affirmatively show that the complaint, on its face, discloses that the amount of the deposit ordered by the respective district judges was determined after a consideration of the *statutory affidavits* and other evidence submitted to said

district judges upon hearing, of which the complainants were given due notice; that the fixing of such amount was and is within the jurisdiction of said district judges, and that such amount when so fixed, after the *statutory provisions as to affidavits of value* and other evidence have been submitted, cannot be said to be an abuse of discretion, for the reason that the same are neither arbitrary, capricious, nor illegal." (Italics ours)

Counsel for complainants here allege, and respondents assert, that the eminent domain proceedings in the district court were commenced under the provisions of section 47, chapter 61, '35 C.S.A., and it is upon an assumption that this section of said statute is applicable that the briefs herein are presented. In this counsel are mistaken.

An examination of chapter 175, Session Laws of 1907, page 385, will disclose that the title of that act is, "An Act to facilitate the construction of telegraph, telephone, electric light power and pipe lines, providing the right of eminent domain therefor, and defining the relation of persons or corporations seeking such rights of way to persons or corporations already owning such rights of way, including those owning or using and those seeking to own and use rights of way for the transmission of electric or other power." It should be observed that section 6 of said act is the same as section 47, chapter 61, '35 C.S.A., which section 47 has no application whatever to eminent domain proceedings in which rights of way for highways are sought, and counsel for both complainants and respondents are in error in assuming that section 47 confers any right or authority on complainants to maintain their action. Counsel for complainants here assert in their brief that this statute was construed in *McClain v. People,* 9 Colo. 190, 11 Pac. 85. In view of the fact that that case was determined in 1886, twenty-one years prior to the enactment of section 47, the assertion is erroneous. The statute construed in the McClain case was section 242 (6) of the Code of Civil

Procedure of 1883, which is now, without any amendment thereof, section 6, chapter 61, '35 C.S.A. We think, however, that *McClain v. People, supra,* is helpful in our determination here. That was a proceeding under the eminent domain act instituted for the purpose of condemning a right of way over premises under the control of McClain. *In accordance with the statute,* an order was issued, granting the petitioner temporary occupancy and use pending the proceedings, and with this order petitioner complied. McClain resisted the order for immediate possession, and thereupon was cited to answer for contempt and was found guilty thereof. It is this judgment which is considered in the opinion. It was McClain's contention that section 242 of the Civil Code (sec. 6, c. 61, '35 C.S.A.), in so far as it authorized immediate possession, was unconstitutional and in violation of article II, section 15, of the Constitution. Mr. Justice Helm wrote the opinion of the court in which it was held that said section 242 did not violate the constitutional provisions cited, and he stated: "But the legislators concluded that while a prior final investigation and award of damages by commissioners or by a jury [before an order for immediate possession is granted] is not essential, yet a careful regard for the interests of landowners, and possibly also for the spirit of the constitutional provision before us, rendered security of some kind an important prerequisite to such disturbances as those now under consideration. Hence they enacted a wise limitation upon the powers of the court or judge in the premises. They provided that whenever the court or judge, *upon investigation,* determines that occupancy and use pending the proceedings is a needful disturbance, he shall likewise, *upon investigation,* ascertain what amount will probably be sufficient to pay the sum that may ultimately be awarded by the commissioners or jury; and they further ordained that only upon the prior deposit of such sum by petitioner with the clerk of the court can such adjudged needful disturbance take place.

This court, after mature consideration, has held, under the statute before us, that such deposit is security, not only for the payment of the compensation ultimately awarded if the property be taken, but also for the damages suffered by the landowner in case the proceedings are abandoned. *Denver & N. O. R'y v. Lamborn,* 8 Colo. 380." (Italics ours)

The statutory provision for proceedings in eminent domain by which either county officials or the highway department can acquire lands for highway purposes when immediate possession of the premises is sought, is to be found in said section 6, chapter 61, '35 C.S.A., the applicable portion of which is the following: "And if at any time after an attempted or actual ascertainment of compensation under sections 1 to 20 of this chapter or any purchase or by donation to said petitioner, of any lands, real estate or claims, for purposes specified in the petition, it shall appear that the title acquired thereby, to all or any part of such lands for the use of such petitioner, or if said assessment shall fail or be termed defective, the said petitioner may proceed and perfect such title by procuring an ascertainment of the compensation proper to be made to any person who has title, claim or interest in, or lien upon such lands, real estate or claims, *and by making payment thereof in the manner hereinafter provided,* as near as may be, and at any stage of such new proceedings, or of any proceedings under sections 1 to 20 of this chapter, *the court or judge may by rule in that behalf made,* authorize the said petitioner, if already in possession, and if not in possession to take possession of and use said premises during the pendency and until the final conclusion of such proceedings, and may stay all actions and proceedings against such petitioner on account thereof; provided, such petitioner shall pay a sufficient sum into court, or to the clerk thereof, *to pay the compensation in that behalf when ascertained;* provided, further, that the judge or the court before or wherein any such proceedings are

had *shall determine the amount such petitioner shall be required to pay or deposit pending any such ascertainment; * * *."* (Italics ours)

It will be noted from the above quotation that a petitioner is required to deposit a sufficient sum to pay the conpensation due the landowner when the value of his land is determined by a board of commissioners or a jury as provided in said section, so that it is reasonable to assume that the sum which is to be deposited under this provision of the statute is an amount equal to the fair market value of the property taken, at the time thereof, for this is the basis of valuation universally adopted in eminent domain proceedings. As to the fair market value, there may be a great diversity of opinion, and, consequently, it will be further noted from the provisions of the statute that the judge, or the court in which any such proceedings are pending, is charged with the duty and *"shall determine"* the amount the petitioner shall be required to pay pending the ascertainment of the value of the lands taken, temporary possession of which is sought. The presumption is that the word "shall," when used in a statute, is mandatory. *City of Colorado Springs v. Street*, 81 Colo. 181, 254 Pac. 440. Here the word "shall" should be construed as imperative rather than permissive, and it clearly imposes a duty upon the court. The word "determine," as used in this statute, means to decide, to adjudicate, to come to a decision, to decide upon an investigation, to perform a judicial act.

An order for immediate possession does not necessarily involve the title to the lands, but it does affect possession so that the imperative requirement of the statute "shall determine" would imply some notice to the one in actual possession, with some opportunity afforded him to testify or otherwise establish the amount which will probably be sufficient to pay for the land taken and damages thereto when the same is ascertained by a commission or jury, and, of course, before the order

for immediate possession is entered the court must determine that its order will not result in needless disturbance of the possessory or other rights.

██ ██ The amount which the statute requires to be deposited is a sum sufficient to pay for the lands taken in an eminent domain proceeding when the same is ascertained, as provided in said section 6, and it is the imperative duty of the court to determine this amount, i. e., an amount which will be sufficient to pay the compensation when ascertained. In order to make this determination there must be some competent evidence before the court justifying it. While here no objection was interposed to the affidavits presented, and the same was thereby waived, nevertheless we cannot approve their form because there is nothing therein to indicate any qualification of affiant justifying a consideration of his estimate of values and damages. Analyzed, the affidavits of Messrs. Bowes and West might well have been made by Smith and Jones, residents of Colorado, or elsewhere, who were wholly unfamiliar with real-estate valuations, and whose only acquaintance with the premises was such as was gained by passing through or near them. So far as there are any statements of facts in the affidavits of either affiant, thousands of persons who have gone through Clear Creek Cañon in an excursion train were as competent to make them as were either of affiants. Such statements as are contained in these affidavits, without further qualifying affiants, should not be accepted in any court and should have been wholly disregarded here; nevertheless, it will be observed, the court found that the sum which petitioners should deposit was the exact amount mentioned in one of the affidavits. Having reached the conclusion that these affidavits were wholly incompetent for any purpose, the valuations placed upon the parcels involved by the district judges, were unsupported by any evidence.

██ As we construe this statute, it is the duty of a

court, or judge, when temporary possession is sought, to determine as near as may be from competent evidence the compensation to which the landowner will probably be entitled when the amount is determined by a board of commissioners or a jury which must ultimately make the ascertainment. The sum fixed by the court on entering an order for immediate possession should be equal to an amount which, as the statute provides, will reimburse respondents for all damages and pay the compensation which is to be allowed to the owner of the premises when ascertained by a board of commissioners or jury. In other words, the court, as well as the board of commissioners or the jury, should determine the compensation after considering competent evidence with reference to the value of the premises. As we construe the statute, it is incumbent upon the court or judge, when temporary possession is sought under the provisions thereof, to require competent evidence as to the market value of the premises sought to be taken and determine therefrom the amount of the deposit which will compensate the owner, rather than to base the determination required by statute upon incompetent affidavits as to value. It is a serious matter for a landowner to be arbitrarily dispossessed of his property without notice and with no opportunity to be heard, especially when the court charged with the duty of determining an amount which will fully recompense him for the land to be taken states that his duty is merely the fixing of a sum, as a token, for immediate possession. Here the court, according to the record, treated the matter perfunctorily. Here there was no such investigation as was contemplated by our decision in *McClain v. People,* *supra.*

■■ We do not intend that in eminent domain proceedings, where immediate possession is sought by the condemnor, there should be two complete trials to determine the compensation to be awarded to the landowner. There need be no trial whatever incident to

immediate possession, as that term is usually understood, but we do hold that there must be an investigation made by the court, and, either from the judge's own inspection or from affidavits from those competent to express opinions as to valuations, or from oral evidence of competent witnesses, there must be a determination of value which will be in an amount equal, in all probability, to compensation which will ultimately be awarded the landowner when the same is determined by a commission or jury, as provided in section 6, supra. Under the Constitution it is not token that the landowner is entitled to receive; it is just compensation. Here there was no attempt, so far as the record discloses, to justly fix an amount which would compensate the landowner. The amount required to be deposited was arbitrarily and capriciously determined and the court's action constituted a clear abuse of discretion.

We are asked by complainants here to require the court to determine the necessity for taking their property in the construction of the highway contemplated in the eminent domain proceedings. That question is not before us and is a matter for determination by a commission or jury. *Pine Martin Mining Co. v. Empire Zinc Co.,* 90 Colo. 529, 11 P. (2d) 221.

The order for temporary possession was clearly interlocutory, and a writ of error did not lie to review the same (*Burlington & Colorado R. R. Co. v. Colorado Eastern R. R. Co.,* 45 Colo. 222, 100 Pac. 607; *Miller v. City and County of Denver,* 84 Colo. 397, 270 Pac. 866; *First National Bank v. Minnesota Mines, Inc.,* 109 Colo. 6, 121 P. (2d) 488); consequently, complainants had no plain, speedy or adequate remedy at law, and certiorari lies.

It is here urged that we determine the constitutionality of section 47, chapter 61, '35 C.S.A., but, as hereinbefore demonstrated, that section is not here in question; consequently, its constitutionality is wholly immaterial, and even if it were involved, it would be

unnecessary to decide it, and we would decline to do so, because of our determination that a gross abuse of court discretion is here present.

 It is urged that defects in the affidavits were waived by failure to object thereto on that ground and that no request was made by complainants for an opportunity to submit further evidence and that the proceedings were regular on their face. Even so, where, as here, the possession and use sought amounts virtually to a destruction of the corpus of the property and deprives the owner of any intended use thereof, and where it is evident that both counsel and court proceeded under an inapplicable statute and the court conceived a wrong theory as to his duty in the premises, we should go behind the form to the substance of the proceedings.

The writ is granted, and it is ordered that the district court proceed in accordance herewith to determine, in a proper proceeding, upon competent evidence as to value, what sum will probably be sufficient to pay the compensation ultimately to be awarded these complainants, and to require the deposit by respondents of the amount so determined as a condition precedent to the further possession of said premises.