## No. 16,398.

OTERO IRRIGATION DISTRICT *v.* ENDERUD ET AL.

(220 P. [2d] 862)

Decided June 26, 1950.

Mr. LAWRENCE THULEMEYER, Mr. JOHN R. STEWART, for plaintiff in error.

Messrs. McHENDRIE & POINTER, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is an action to condemn real estate under the eminent domain statutes. It is admitted that the petitioner has the power and authority to exercise the right

of eminent domain, but denied that the right is here properly invoked or legally exercised.

Plaintiff in error, as petitioner, filed its petition in condemnation and contends that the action is brought under section 52, chapter 61, '35 C.S.A., as the applicable statute.

The petition sets forth the authority to bring the action; the purpose for which the property is sought to be taken or damaged; a description of the property; and the names of the persons interested as owners; in general statutory compliance. The pertinent part of the amended petition is as follows:

"2. That in order to carry out the purposes and objects of the Petitioner, as a public corporation, in the supplying of irrigation for agricultural lands, Petitioner requires the parcel of land herein described as Parcel No. 1 and will construct a channel thereon and clear brush and other obstacles therefrom, and further, requires the right of ingress and egress over and across the roadway and lands hereinafter described as Parcel No. 2, both of which parcels belong to Respondents. Parcel No. 1 is required by Petitioner in the maintenance and operation of its irrigation system diversion works, situated in the Arkansas River a short distance east of said Parcel No. 1; the said Arkansas River formerly had a channel over which it flowed, during high water, running in an easterly-westerly direction on Parcel No. 1, but said channel has filled and the entire river now runs in a bend to the north of Parcel No. 1, and as an integral part of Petitioner's diversion works, and this channel and clearing of brush across Parcel No. 1 will be protection from this danger. And Parcel No. 1 is required in the operation of the Company for the purpose of keeping the flow of the Arkansas River going over its diversion dam and into its diversion ditch, so Petitioner will be able to receive the inflow of water to which it is entitled by decreed priorities for the irrigation of agricultural lands. The aforesaid work

is required in the operation and maintenance of Petitioner's diversion works and irrigation system and if it is not accomplished may result in irreparable injuries and damages to the agricultural lands within The Otero Irrigation District." The description of the property sought to be condemned is given by metes and bounds in an exhibit attached to the petition.

The above portion of the amended petition is an elaboration of the original petition which was dismissed upon motion of defendants, and the amended petition was dismissed upon a similar motion of respondents, which is as follows: "1. That the purported amended petition does not amend in any material manner, either in fact or form, the original petition filed herein and heretofore dismissed by this Court. 2. That this Court has no jurisdiction of the subject matter involved in this action. 3. That said purported amended petition does not state facts sufficient to entitle petitioner to the relief therein sought, or any relief. 4. That it affirmatively appears from the allegations of said amended petition that petitioner does not have the legal right to acquire by condemnation the lands of the respondents described in said purported amended petition; in that, the statutes of the State of Colorado conferring upon petitioner the power to exercise the right of eminent domain do not provide for, or permit, the acquisition by petitioner of said lands as a part of its irrigation system, or for the use, maintenance or operation thereof."

In sustaining the motion to dismiss, the trial court made the following finding: "The amended petition was filed for the purpose of more clearly setting forth allegations in a petition in condemnation heretofore dismissed by the Court. The amended petition set forth further details, but maintains the alleged purpose of acquiring the land in question is in order to be able to change the course of the Arkansas River above its diversion dam. The Court is of the opinion that it is without jurisdiction to grant condemnation for such

purpose and for this reason and for the reasons set forth in the previous order of dismissal, the Court doth order that the amended petition be and the same is hereby dismissed."

It appears on the face of the petition that in order to carry out the purposes and objects of the petitioner as a public corporation in supplying irrigation for agricultural lands, a parcel of the land sought to be condemned is required in the operation of the company for the purpose of keeping the flow of the Arkansas river going over its diversion dam and into its diversion ditch, and that the construction of a channel across the land sought to be condemned is required in the operation and maintenance of petitioner's diversion works and irrigation system, and to keep same intact and operative.

The right of petitioner to maintain the action, as laid, involves the question of necessity, and it then becomes a proper subject of inquiry which cannot be determined by the trial judge. *Kaschke v. Camfield,* 46 Colo. 60, 102 Pac. 1061; *Pine Martin Mining Co. v. Empire Zinc Co.,* 90 Colo. 529, 11 P. (2d) 221; *Swift v. Smith,* 119 Colo. 126, 201 P. (2d) 609. The respondents or defendants in error have the privilege of controverting the petitioner's right to condemn, and if so controverted, the petitioner has the burden of maintaining his right by proper proofs.

Being of the opinion that a prima facie case is shown by the amended petition, which contains everything necessary to be stated to give the court jurisdiction and conforms with the requirements of the Eminent Domain Act, then dismissal thereof upon the motion herein set out was error. The amended petition should be reinstated and if a controverting answer is filed, then petitioner must establish its right to condemn the particular property in question by sufficient proof, and also establish the exact amount of respondents' land sought

to be condemned for its purposes, if not the entire tracts shown by the exhibits.

Accordingly, the judgment is reversed and the cause remanded with instructions to proceed, if so desired, in harmony with the views herein expressed and under the appropriate controlling statutes in the determination of the questions involved.

MR. JUSTICE JACKSON and MR. JUSTICE STONE dissent.