Amelie A. Buchanan Deputy Director Department of Revenue 1375 Sherman Street, No. 404 Denver, Colorado 80261
Dear Ms. Buchanan:
This opinion letter is in response to your letter of October 17, 1988 wherein you ask whether the Executive Director of the Department of Revenue may waive the amount required by §39-22-605(5), C.R.S. (1988 Supp.) to be added to the underestimated tax.
QUESTION PRESENTED AND CONCLUSION
You ask the following specific question:
 May the Executive Director of the Department of Revenue waive the charge provided in § 39-22-605(5), C.R.S. (1988 Supp.)?
My conclusion is "No."
ANALYSIS
Section 39-22-605(5), C.R.S. (1988 Supp.) provides that in the event of underpayment of estimated tax due the State of Colorado, as computed pursuant to § 39-22-605(4), C.R.S. (1988 Supp.), there "shall be added" to the tax due "an amount determined at the rate imposed under section 39-21-110.5 on the amount of underpayment in excess of one thousand dollars. . . ." When used in a statute, the word "shall" "involves a `mandatory connotation' and hence is the antithesis of discretion or choice." People v. Guenther, 740 P.2d 971, 975 (Colo. 1987); and, is construed to be imperative rather than permissive in nature. Swift v. Smith, 119 Colo. 126, 201 P.2d 609,614 (Colo. 1948). Moreover, there is an absence of statutory authority for the executive director to waive the added amount imposed under § 39-22-605(5), C.R.S. (1988 Supp.) at the § 39-21-110.5, C.R.S. (1982) rate of interest. It is noted that § 39-26-118(9), C.R.S. (1982), which authorizes the executive director to waive certain penalties and excess interest, is applicable only to articles 21 and 26 of title 39 and not to article 22 wherein the authority for the imposition in issue falls. Likewise, § 39-22-621(2)(j), C.R.S. (1988 Supp.) does not apply to estimated tax since § 39-22-621(2)(k), C.R.S. (1982) specifically states that the "provisions of this section shall not apply to any estimated tax required to be paid by or under the provisions of §§ 39-22-605 and 39-22-606."
The use of the term "shall" in § 39-22-605(5), C.R.S. (1988 Supp.), coupled with the absence of any waiver authority pertaining to that statute, leads me to conclude that if an underpayment occurs and a tax is due under the statute, the executive director must impose, and cannot waive, an amount at the rate specified in § 39-21-110.5, C.R.S. (1982).
In reaching this conclusion, it is recognized that in the construction of statutes public interest is favored over private interest, see 2-4-201(e), C.R.S. (1980). The legislature has set forth the requirements that taxpayers must follow in the declaration and payment of estimated taxes both as to individual ( § 39-22-605, C.R.S. (1982 1988 Supp.) and corporations ( § 39-22-606, C.R.S. (1982)). These statutes are in the public interest. To construe the questioned statute as one that can be waived would be in the private interest and to the detriment of the public. If the taxpayer withholds payments due the state he not only deprives the state of interest on the delinquent payments but is unjustly enriched himself by sound investment of the money due the state.
SUMMARY
The added amount which the executive director must impose to an underpayment of estimated tax, pursuant to § 39-22-605(5), C.R.S. (1988 Supp.), at the rate provided in § 39-21-110.5, C.R.S. (1982) cannot be waived unless the rate imposed is in excess of the amount permitted under § 39-21-110.5, C.R.S. (1982). If excessive, the excessive director can take action disapproving the excess amount pursuant to § 39-21-103, C.R.S. (1982 1988 Supp.).
Sincerely,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE WAIVERS INTEREST
§ 39-22-605(5), C.R.S. (1988 Supp.)
REVENUE, DEPT. OF
The Executive Director of the Department of Revenue may not waive the charge provided in § 39-22-605(5), C.R.S. (1988 Supp.).