CITY OF COLORADO SPRINGS, a municipal corporation, Petitioner,

v.

TIMBERLANE ASSOCIATES, a Colorado general partnership; Investment Builders Corporation, a Colorado corporation; John W. Dawson and Joseph M. Birdsell, Individually, Respondents.

No. 88SC383.

Supreme Court of Colorado, En Banc.

Nov. 27, 1989.

Anderson, Johnson & Gianunzio, Gregory L. Johnson, Kelly Dude, Colorado Springs, for petitioner.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Peter M. Susemihl, Colorado Springs, for respondents.

Joseph M. Birdsell not appearing.

Justice ROVIRA delivered the Opinion of the Court.

On certiorari review, the City of Colorado Springs (City) challenges the court of appeals order dismissing its appeal on the ground that it was not filed in a timely manner. Because the trial court determined the City's post-trial motion within sixty days, as required by C.R.C.P. 59(j), we reverse and remand the case to the court of appeals with directions to reinstate the appeals of the City and the respondents.

## I.

The City brought suit against the respondents, Timberlane Associates (Timberlane), for unpaid utility bills. The trial court granted Timberlane's motion for summary judgment on the ground that the statute of limitations had run. The City filed a timely motion for amendment of findings and judgment on August 6, 1987, arguing that the statute of limitations did not apply to it as a public entity, but even if it did apply, the City was still entitled to collect those amounts which became due within the limitation period.

At some point in August 1987, the trial court considered the City's motion and decided that the City was not precluded by the statute of limitations from collecting the amounts in question. The trial court contacted counsel for the City and informed him that the earlier decision would be reversed.[1] The court directed counsel to prepare an order reflecting the new decision and to advise opposing counsel that the judgment would be reversed. Timberlane's counsel was informed of the trial court's determination, and an order was submitted to the court within ten days. On October 6, 1987, the trial court signed the order and entered judgment for the City in

---

1. We disapprove of the trial court's *ex parte* communication with the city attorney.

the amount of $57,692.79, together with interest at the statutory rate.

On October 20, 1987, Timberlane filed a motion for amended findings, or, in the alternative, for judgment notwithstanding the verdict. Timberlane argued that the statute of limitations should apply to the City when it was operating in a proprietary capacity, but that even if the statute of limitations did not apply, the City could not collect interest on past amounts due. On December 9, 1987, the trial court declined to reverse its decision on the statute of limitations issue, but amended the order so as to deny interest to the City.

On January 19, 1988, Timberlane filed a notice of appeal with the Colorado Court of Appeals. The City filed a notice of cross-appeal. The court of appeals, sua sponte, issued an order to show cause why both appeals should not be dismissed. The order stated, "Pursuant to C.R.C.P. 59(j), it appears that [the City's] motion to amend was deemed denied on October 5, 1987, and that the trial court had no jurisdiction to enter the October 6, 1987 order.... Thus, it appears that the July 23, 1987, judgment became final on October 5, 1987, and that defendants are appealing from a judgment favorable to them." The City filed a response to the order to show cause. Subsequently, without issuing a written opinion, the court of appeals dismissed the appeals.

## II.

The City contends that C.R.C.P. 59(j) does not apply in this case because the trial court "determined" its post-trial motion within sixty days, even if the order was signed after such period expired. We agree.

C.R.C.P. 59(j), 7A C.R.S. (1988), provides:

The court shall determine any post-trial motion within 60 days of the date of the filing of the motion. Where there are multiple motions for post-trial relief, the time for determination shall commence on the date of filing of the last of such motions. Any post-trial motion that has not been decided within the 60–day determination period shall, without fur-

ther action by the court, be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date.

In *In re Marriage of Forsberg*, 783 P.2d 283 (Colo.1989), we held that C.R.C.P. 59(j) is satisfied when the trial court orally rules on a post-trial motion within sixty days, even though the court's written order is signed and entered after the sixty-day period. The rule simply requires that the trial court "determine" a post-trial motion, that is, the court must take some conclusive action on the motion.

The word "determine" means "to decide, to adjudicate, to come to a decision, to decide upon an investigation, to perform a judicial act." *Swift v. Smith*, 119 Colo. 126, 136, 201 P.2d 609, 614 (1948). Here, the trial court considered the City's post-trial motion and came to a decision on the merits within sixty days of the date of the filing of the motion. Further, the trial court, within the sixty-day period, directed the City's counsel to prepare an order reflecting its decision, and made arrangements so that both parties would be informed of its decision. We believe that the City's post-trial motion was "determined," so as to satisfy C.R.C.P. 59(j). *See In re Marriage of Forsberg*, 783 P.2d 283 (Colo. 1989).

Because the trial court's actions were sufficient to satisfy C.R.C.P. 59(j), the court's order reversing its earlier judgment became effective when signed on October 6, 1987. Consequently, Timberlane's motion for amended findings, or, in the alternative, for judgment notwithstanding the verdict, was submitted in a timely fashion, and the trial court's December 9, 1987 order granting in part and denying in part Timberlane's motion became the final order from which an appeal could be taken. Therefore, Timberlane's notice of appeal, filed January 19, 1988, was both timely and appropriate, in that a judgment contrary to Timberlane was at issue. The City's cross-appeal on the issue of interest was also filed in a timely manner.

Accordingly, the case is remanded to the court of appeals with instructions to reinstate the appeals of both parties.