SUBSEQUENT INJURY
FUND, Petitioner,

v.

**Charles M. LADOW, Jefferson County Fleet Management, Colorado Compensation Insurance Authority, and Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 95CA2044.

Colorado Court of Appeals,
Div. IV.

July 11, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, James E. Martin, Jr., Assistant Attorney General, Denver, for Petitioner.

Irwin & Boesen, P.C., Brad R. Irwin, Denver, for Respondent Charles Ladow.

No Appearance for Respondents Jefferson County Fleet Management, Colorado Compensation Insurance Authority, and Industrial Claim Appeals Office.

Opinion by Judge BRIGGS.

In this workers' compensation proceeding, petitioner, the Subsequent Injury Fund (SIF), seeks review of a final order of the Industrial Claim Appeals Office (Panel) upholding the order of the Administrative Law Judge (ALJ) refusing to dismiss the request for offset submitted by claimant, Charles M. Ladow. We affirm.

Claimant sustained a number of admitted industrial injuries from September 12, 1979, through January 20, 1988. He settled his claims against his employer, Jefferson County Fleet Management, and the insurer, the Colorado Compensation Insurance Authority, (collectively CCIA) by way of stipulation approved by the Director.

Included in the stipulation was the statement, "Claimant has suffered a compensable injury which occurred on or about February 2, 1987.... All parties agree Claimant is permanently and totally disabled as a result of this accident." However, the stipulation and settlement also contained the following reservation of rights: "Claimant does not waive any rights to receive medical or other benefits from the Major Medical Insurance Fund, Medical Disaster Fund, or Subsequent Injury Fund, or anyone other than Respondents."

Claimant then filed on a standard Division of Labor form a "Request For Offset Of Liability To Subsequent Injury Fund." By that request, claimant was seeking a determination binding on SIF that he was permanently and totally disabled from a combination of industrial disabilities and establishing the portion of that disability attributable to SIF. *See* § 8-46-101, C.R.S. (1995 Cum. Supp.).

SIF moved for dismissal. It contended that claimant's request was untimely pursu-

ant to Industrial Commission Rule XII(A)(4), 7 Code Colo. Reg. 1101-3, which requires, among other things, that a request for offset be filed before a "determination, by admission or order," that a claimant is permanently and totally disabled under § 8-46-101.

The Chief ALJ agreed with SIF that claimant's request should have been filed prior to the approval of the settlement and, accordingly, granted the dismissal. On review, the Panel set the order aside. It reasoned that the provisions of the settlement did not constitute a "determination" that claimant was permanently and totally disabled for purposes of § 8-46-101.

On remand, SIF again moved for dismissal. This time it argued that the stipulation constituted a judicial admission that claimant's permanent and total disability resulted solely from the injury occurring on February 2, 1987. The ALJ denied the motion, holding that claimant's settlement stipulation with CCIA did not contain an admission that he was permanently and totally disabled only as a result of one industrial injury. The ALJ attributed 50% of claimant's permanent disability to his last industrial injury and, therefore, apportioned liability for claimant's disability benefits equally between SIF and CCIA. The ALJ's findings and conclusions of law were reviewed and upheld by the Panel.

■ On appeal, SIF has abandoned its argument that the statement in the stipulation that claimant was permanently and totally disabled as a result of the most recent accident was an admission that he was disabled *solely* as a result of that accident. Instead, SIF has returned to its initial contention: the statement was a judicial admission that claimant was permanently and totally disabled under § 8-46-101, that is, as a result of a combination of accidents. Thus, SIF argues, any additional claim against SIF is precluded by Rule XII(A)(4). We disagree.

Rule XII(A)(4) provides:

A request for offset shall be filed no later than the date the party requesting offset files an application for hearing or response to application for hearing, unless an administrative law judge rules that good cause

has been shown for filing later. However, in no event shall a request for offset be filed after a *determination,* by admission or order, that a claimant is permanently and totally disabled under 8-46-101 or disabled under 8-41-304(2). (emphasis supplied)

■ The word "determine" means "to decide, to adjudicate, to come to a decision, to decide upon an investigation, to perform a judicial act." *City of Colorado Springs v. Timberlane Associates,* 783 P.2d 287, 289 (Colo.1989).

The apparent purpose of the rule is to conserve administrative resources. The rule accomplishes that purpose by requiring that SIF be joined before any administrative determination resolving a dispute as to whether a claimant is permanently and totally disabled, for which disability SIF may ultimately share the liability. The result is that an ALJ addresses all contested issues pertaining to a claim of permanent and total disability at one time, rather than piecemeal.

■ The statement in the stipulation of settlement that claimant had sustained permanent and total disability as a result of the most recent accident was unnecessary to the validity of the settlement. The settlement did require the approval of an ALJ or the Director, *see* § 8-43-204, C.R.S. (1995 Cum. Supp.), and an approved settlement may in some circumstances have the same legal effect as an administrative determination. *Cf. Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985). However, the administrative approval did not require any actual determinations of claimant's entitlement to benefits and the extent of his disability, as are made after a contested hearing. Rather, the approved settlement avoided the necessity of any administrative determination of those issues.

We therefore agree with the Panel that the stipulation of settlement between claimant and CCIA, which expressly preserved claimant's rights against SIF and avoided a contested hearing, did not involve any "determination" as contemplated by Rule XII(A)(4). *See City of Colorado Springs v. Timberlane Associates, supra; White v. State Compensa-*

*tion Insurance Fund,* 700 P.2d 923 (Colo.
App.1985); *cf. Golden Animal Hospital v.
Horton,* 897 P.2d 833 (Colo.1995).

Order affirmed.

DAVIDSON and TAUBMAN, JJ., concur.