JUSTICE WARNER
dissents.
¶25 I dissent from the dismissal of Flynn’s claim under § 39-71-520, MCA (2001). The Court phrases the issue as whether Rule 6(e), M.R.Civ.P., adds three additional days to the ninety-day period provided in § 39-71-520, MCA (2001), for the claimant to request mediation following a determination by the UEF that is mailed to the claimant. I conclude that Flynn requested mediation within the ninety-day limit, and it is therefore unnecessary to address whether he had an additional three days.
¶26 As recognized by the Court at ¶ 7, if the UEF determination was made the date the letter containing notice of such was mailed, the mediation request was then made within the ninety days provided. I would hold that the determination was indeed made on the date the letter was mailed, that is, left the offices of the UEF.
¶27 The only justification given by the Workers’ Compensation Judge in holding that the ninety-day period began to run when the letter was dated is that he felt there was still plenty of time to request mediation, regardless of any delay by the UEF. The Court, for no stated reason, also holds that the ninety-day limit for appeal under § 39-71-520, MCA (2001), begins on the date typed in the letter notifying Flynn his claim was denied. I disagree.
¶28 Section 39-71-520, MCA (2001), provides:
A dispute concerning uninsured employers’ fund benefits must be appealed to mediation within 90 days from the date of the determination or the determination is considered final.
¶29 To “determine” means “to decide, to adjudicate, to come to a decision, to decide upon an investigation, to perform a judicial act.” Subsequent Injury Fund v. Ladow (Colo.App., 1996), 923 P.2d 368, 369. In my view the ninety-day period was intended to begin when the UEF *130 “determination” was definite. In this instance the letter bearing the bad news for Flynn was typed and dated on Thursday, November 21, 2002. There is no indication in the record when it was signed. It likely sat on someone’s desk Friday, November 22,2002, as well as Saturday and Sunday, November 23 and 24, 2002. Thus, it can hardly be said that the letter was a determination on Thursday, as all that was necessary to change it was to take it off the desk and throw it away. At some point on Monday, November 25, the signed letter was placed in the mail to Flynn. This is when it became a UEF determination.
¶30 The time to appeal an administrative decision should not begin to run until the appealing party knew or should have known of the decision. 2 Am. Jur. 2d Administrative Law, § 535 (2004). Section 37-71-520, MCA (2001), gives the appellant ninety days to appeal. Therefore the appellant should have his ninety days; not ninety days less the four days it took UEF to type, review, sign, and finally mail the letter. Such an objective standard seems reasonable, as once the determination is postmarked it is in the possession of the postal service, a neutral third-party, and it can no longer be changed or edited. Conversely, by using the date on the letter, the standard becomes subjective and arbitrary, as was the case here. In my view the Legislature did not intend to create a standard that would allow the UEF to burn several days of the ninety-day period simply by dating the notice and sitting on it for a few days prior to actually mailing it.
¶31 The Court supports its conclusion by citing the purpose for the mediation requirement, specifically that mediation discourages unnecessary filings in the Workers’ Compensation Court where “an equitable and reasonable resolution [mediation] ... may be effected at an earlier stage.” ¶ 13.1 fail to see how using the date of the letter, as opposed to the date it was mailed, supports mediation. Either way, if the appellant misses the ninety-day period, no appeal can be taken from the UEF determination. The Court’s rationale only serves to give Flynn less time to request mediation.
¶32 The mediator’s report was issued May 7, 2003. Flynn filed his petition in the Workers’ Compensation Court on May 12, 2004, over a year later. I would remand this matter to the WCC to consider whether Flynn’s appeal of the mediator’s determination was timely, and if so, the WCC must then consider the merits of his claim.