No. 16,766.

SANGER ET AL. *v.* LARSON CONSTRUCTION CO.

(251 P. [2d] 930)

Decided December 8, 1952.

Mr. EMORY L. O'CONNELL, Mr. WILLIAM E. SPANGLER, for plaintiffs in error.

Messrs. IRELAND, IRELAND, STAPLETON & PRYOR, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties to this action appear here in the same order as in the trial court, and we will herein refer to them as plaintiffs or defendant, or by name.

Plaintiffs by their complaint sought judgment against defendant in the sum of fifteen thousand dollars, alleging that the latter on or about June 15, 1947 unlawfully and wrongfully entered upon plaintiffs' land "with a large amount of equipment and a large number of men, and did thereafter tear up and destroy meadows and lands of the said plaintiffs, hauling and carrying away dirt and soil from said land, erecting thereon large fills, dikes and barriers and fences."

Defendant denied the allegations of the complaint and set forth a statement of certain condemnation proceedings instituted by the State Highway Department against plaintiffs for the acquisition of land for a public right-of-way across the property of plaintiffs, in which action the District Court of Jefferson County, Colorado, on April 28, 1947 entered an order granting said State Highway Department temporary possession of the land sought to be condemned upon deposit into said court, by said department, the sum of four thousand three hundred and fifty dollars. Defendant alleged that said sum was deposited in court and that defendant was awarded

a contract for the construction of the highway by the State Highway Department, which project the record shows was known as F.A.P. #193 (2); that plaintiffs have failed, neglected at all times since April 28, 1947 "to contest, object to or appeal from said order for temporary possession and have at all times failed and neglected to in any manner give notice to this defendant that they objected to construction work being done and performed on said rights-of-way." That said condemnation suit had not been finally concluded, and the only issue before the court in said action was the final determination of the proper compensation to be awarded plaintiffs for the taking of said land by the State Highway Department; defendant further alleged that plaintiffs were guilty of laches in that they were aware of the taking of said land under the condemnation proceedings on April 28, 1947; of the entry of defendant on said land pursuant thereto; that plaintiffs made no complaint against defendant prior to March 27, 1950; that at all times, while defendant was working on the project, plaintiffs acquiesced in and permitted defendant to proceed with the work; and that plaintiffs "by reason of said facts are now estopped to assert any claim against defendant."

Trial was to a jury. After evidence to sustain the several issues had been presented by both plaintiffs and defendant, defendant moved for a directed verdict in its favor, which motion was granted by the trial court. A verdict for defendant was accordingly returned, judgment of dismissal of plaintiffs' action was entered on the verdict, and plaintiffs bring the case here for review. The only specifications we need to consider are that, the trial court erred in directing a verdict for defendant and in entering judgment of dismissal of plaintiffs' action.

The evidence discloses that the State Highway Department commenced the condemnation suit against plaintiffs in the District Court of Jefferson county, Colorado in April, 1947, and obtained an order from said court for

temporary possession of that part of plaintiffs' property sought to be condemned, a copy of which order was promptly served on plaintiffs. They, on June 3, 1947 filed an answer in said action which in no way challenged the validity of the "temporary possession" order, but merely asked for a jury trial to determine the value of the land sought to be taken, and damage to the residue of plaintiffs' land by reason of such taking. The State Highway Department, on September 10, 1947, awarded defendant a contract to construct the highway through plaintiffs' land. Defendant began construction work on October 27, 1947, which work was completed and accepted by the State Highway Department on September 18, 1948. Plaintiffs leased to defendant, on November 3, 1947, a camp site for a "shop and operating center during the construction of F.A.P. #193 (2)," for a consideration of two hundred dollars, which camp site was so used by defendant in furtherance of its work while the road was under construction. During all of this time plaintiffs continued to reside on this mountain ranch, a portion of which was taken for the roadway.

Plaintiffs also alleged in their complaint filed February 3, 1949, that the trespass of which complaint was made was committed by Colorado Constructors, Inc., which corporation then was named as the sole defendant in the action; March 29, 1950, plaintiffs filed an amended complaint naming Colorado Constructors, Inc., and Larson Construtcion Company, a copartnership, as defendants in the same action. It is not claimed that Colorado Constructors, Inc. did the road work in question and the trial proceeded only as to the defendant Larson Construction Company, a copartnership. Trial of the instant action was concluded before the issues in the condemnation suit were determined.

In his testimony, Lewis E. Sanger said that he believed he was bound by the "temporary possession" order of April, 1947, and this was concurred in by his counsel, as appears from the following portion of the record;

"Mr. Ireland: If it please the Court, I have another objection to the question about service [of notice of application for temporary possession] on the Sangers, namely, that the statute which permits condemnation proceedings does not require prior service on the landowner for order of temporary possession.

"Mr. O'Connell: That is what some of us thought, certainly before the Swift case was decided. Since then the Supreme Court has said what the law requires."

Plaintiffs in error rely on *Swift v. Smith,* 119 Colo. 126, 201 P. (2d) 609, which decision was announced December 6, 1948. They also assert that the "temporary possession" order was void and afforded defendant no right to enter upon plaintiffs' land, because no notice was given plaintiffs prior to the entry of said order and the same was entered ex parte upon affidavits submitted by the State Highway Department.

That plaintiffs knew of the intention of the State Highway Department to construct a highway through their home ranch, even prior to the commencement of the condemnation suit, is apparent from the evidence of Lewis E. Sanger who testified that the State Highway Department had surveyed said right-of-way some time prior to the institution of the condemnation suit in April, 1947. After service of this "temporary possession" order, with full knowledge of defendant's contract with the State Highway Department, plaintiffs leased a camp site to defendant to enable the partnership to carry on its work during the construction of F.A.P. #193 (2). The work was done without objection or complaint of any kind on the part of plaintiffs, and completed before any claim of trespass was asserted against anyone.

It is manifest from the record that both plaintiffs and their counsel (who represented them in the trial court and who represent them here) were of the opinion that the "temporary possession" order was binding on plaintiffs, which fact not only appears from the sworn testimony, but is attested by the conduct of plaintiffs when

they made no protest or objection to the work being done by defendant in furtherance of the contract for the construction of the road, and only after plaintiffs were aware of our decision in *Swift v. Smith, supra*, did they assert their claim of alleged trespass.

We are of the opinion that under the facts as disclosed by this record, defendant was not a trespasser on plaintiffs' land. Clearly, plaintiffs by their silence when it was their duty to speak and protest the action of defendant, foreclosed their right, if any existed, to claim trespass. To hold otherwise, under the record before us would be to subordinate substance to shadow and enforce the veriest technicality at the expense of defendant whose good faith under a valid contract with the State Highway Department is not challenged. To so rule would be contrary to both law and equity. All proper compensation to which plaintiffs were entitled could be determined in the condemnation suit.

We are of the opinion that under the facts of this case the doctrine of estoppel in pais is applicable and controlling. As was said by Mr. Justice Moore in *Johnson v. Neel*, 123 Colo. 377, 229 P. (2d) 939: "This doctrine is founded upon principles of fair dealing and is designed to aid the law in the administration of justice where, without its aid, injustice might result. * * * The doctrine of equitable estoppel has been invoked to cut off rights or privileges conferred by statute, and constitutional rights may be effectively waived by conduct consisting of action or failure to act. * * * Parties who remain silent when they ought, in the exercise of good faith, to speak, will not be heard to speak when in the exercise of the same good faith they ought to remain silent."

The judgment is affirmed.