CORPORATION OF the PRESIDING BISHOP OF the CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, Plaintiff-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, Leland D. Kinnie and Ralph L. Cotton, Defendants-Appellees.

No. 83CA0057.

Colorado Court of Appeals, Div. II.

Sept. 13, 1984.

Jim T. Tice, Littleton, for plaintiff-appellant.

Patrick R. Mahan, County Atty., H. Lawrence Hoyt, Asst. County Atty., Golden, for defendants-appellees.

SMITH, Judge.

The plaintiff corporation (church) brought this action against the county seeking reimbursement for the costs of constructing a sidewalk adjacent to certain lots in a Jefferson County subdivision upon which it had erected a new church building. The county was the holder and beneficiary of a letter of credit which had been posted by the subdivision developer to guarantee its obligation to construct sidewalks in the subdivision. In entering judgment for the county, the trial court rejected the church's contention that it was a third-party beneficiary under the contract between the developer and the county and that it was therefore entitled to reimbursement out of the funds represented by the letter of credit. The church appeals, and we reverse.

The record reflects no dispute as to the essential facts. The subdivision developer had represented to the county, prior to the church's acquisition of its property, that it would construct sidewalks throughout the subdivision and had guaranteed that obligation by posting a letter of credit with the county. There was no indication that the church ever assumed any portion of this obligation.

After the church's building had been completed, it sought from the county a certificate of occupancy. The church was advised by the county that a certificate of occupancy could not be issued until a sidewalk had been satisfactorily constructed. The county engineer's office informed the church that, although it was the developer's obligation to construct the sidewalk, the developer had furnished the county with a letter of credit as a guarantee that the sidewalk would be constructed. The church was told that if it were to construct the sidewalk at its own expense, it could seek reimbursement from the funds represented by the letter of credit.

Believing that construction of the sidewalk was necessary to obtain a certificate of occupancy, and that it would be reimbursed from the letter of credit, the church expended the sum of $3,062.20 to construct a sidewalk. A certificate of occupancy thereafter issued and the church sought reimbursement from the county.

At that point the church was advised by the county that a certificate of occupancy could have been issued without construction of the sidewalk. The church was also informed that it was not entitled to seek recovery under the letter of credit.

Evidence presented at trial disclosed that the developer, upon discovery that the church had installed the sidewalk, asked the county to release that portion of its letter of credit attributable to the sidewalk adjacent to the church and that the county did so.

Concerning the attitude of the county in this matter, the testimony of the county engineer, as recorded in the trial transcript, is revealing:

"Q. You submitted an approval for reduction of the letter of credit in late 1981 giving the developer credit for the work the church had done and paid for even though you knew that the church had not been reimbursed for that work ...?

A: That's correct.

Q: And even though you knew the church wanted to be reimbursed for that work?

A: Yes.

Q: Did the developer come to you and ask for a reduction in the letter of credit?

A: Yes.

Q: Did you talk to the developer about whether the developer intended to reimburse the church for the $3,000 that it had spent putting in the developer's sidewalk?

A: The sidewalk was properly completed so they had qualified for reduction in the cost of the sidewalk.

Q: So you didn't care, did you?

A: No, I didn't.

**740**

Q: You didn't care whether the church got reimbursed or not; is that correct?

A: Yes, that's correct."

While it may be true, as the trial court held, that, under the law of contracts, the church is not a third-party beneficiary to the contract between the county and the developer, we do not address that issue. We hold instead that, in light of the facts here, equitable principles require the county to be estopped from denying the church's right to seek reimbursement because funds had been available to the county under the letter of credit.

 The doctrine of equitable estoppel is founded upon principles of fair dealing and is designed to aid the law in the administration of justice in cases where without its aid, manifest injustice would result. *City & County of Denver v. Stackhouse*, 135 Colo. 289, 310 P.2d 296 (1957). In proper cases, it is applicable to governmental entities. *Colorado Water Quality Control Commission v. Town of Frederick*, 641 P.2d 958 (Colo.1982).

In order for the doctrine of equitable estoppel to be invoked, it must be established that the party to be estopped knew the relevant facts and that it intended its conduct or representations to be the basis of action by the party seeking the estoppel, or at least that he acted in such a way that the party seeking estoppel had a right to believe it was so intended. In addition, the party asserting the doctrine must have been ignorant of the true facts and must have changed its position in reliance on the conduct or representations, to his injury. *Chamberlain v. Poe*, 127 Colo. 215, 256 P.2d 229 (1953).

An actual intent to mislead or defraud is not essential to the creation of an equitable estoppel. *Piz v. Housing Authority*, 132 Colo. 457, 289 P.2d 905 (1955). The critical element is reliance. *See Cline v. City of Boulder*, 168 Colo. 112, 450 P.2d 335 (1969).

Here, not only were the representations of the county relative to reimbursement knowingly false and made with the intention that the church would rely upon them, but, the church was, in fact, coerced into relying upon them by the refusal of the county to issue a certificate of occupancy until the church had actually expended the funds and constructed the sidewalk.

We, therefore, hold that the county is estopped to assert that the church is not entitled to reimbursement. The county is liable to the church for the costs of installing the sidewalk.

The judgment is reversed and the cause is remanded for the entry of judgment consistent herewith.

BERMAN and VAN CISE, JJ., concur.