**Roy L. FANNING, Jr.,**
**Plaintiff-Appellant,**

v.

**DENVER URBAN RENEWAL AUTHORITY, a body corporate and politic of the State of Colorado; Long's Peak Associates, a limited partnership, and Bud Brady, General Partner, Defendants-Appellees.**

**No. 83CA0351.**

Colorado Court of Appeals,
Div. II.

May 16, 1985.

Rehearing Denied July 3, 1985.

Certiorari Denied Nov. 12, 1985.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard J. Banta, Wade H. Gateley, Englewood, for plaintiff-appellant.

Opperman & Associates, P.C., Marlin D. Opperman, Denver, for defendant-appellee Denver Urban Renewal Authority.

Dana F. Strout, P.C., Dana F. Strout, Denver, for defendants-appellees Long's Peak Associates and Bud Brady.

BERMAN, Judge.

Plaintiff, Roy L. Fanning, Jr., appeals from a judgment dismissing his complaint for trespass and ejectment against defendants, Denver Urban Renewal Authority, Long's Peak Associates, and Bud Brady. Although we rely on a different basis than did the trial court, we affirm the judgment.

In this appeal, plaintiff would have us resolve the question whether a landowner against whom condemnation proceedings are pending takes title to an adjacent alley when vacated. However, we do not reach that issue.

Fanning was the fee owner of certain property on the east side of an alley in the City and County of Denver. In January of 1980, the Denver Urban Renewal Authority (DURA), pursuant to a contract with the City, began condemnation proceedings against Fanning's property to acquire the property necessary to carry out a housing redevelopment program. As the result of a stipulation entered into by the parties, DURA obtained an order for possession of the property on March 24, 1980. On August 14, 1980, DURA requested the City to vacate the alley immediately west of Fanning's property to allow DURA to relocate certain utilities which were essential to a timely completion of the urban renewal project. The City complied on October 20, 1980.

Construction began in October 1980 and was completed by the end of October 1981. During this period, actual physical construction occurred in the alleyway west of Fanning's property. A certificate of occupancy was issued for the new buildings on February 1, 1982.

Two days before the valuation hearing on Fanning's property, Fanning's then counsel learned that the alley had been vacated, but failed to raise the issue of alley ownership in the valuation proceedings. On July 21, 1981, the valuation determination was approved by court order, but no decree of ownership entered because Fanning appealed the award. That appeal, separate from the present action, was settled on November 17, 1983, by a stipulation filed with this court making no reservation concerning the issue of alley ownership nor compensation for the alley.

On February 2, 1982, Fanning initiated the present action, seeking to eject DURA from the eastern half of the alley adjacent to his condemned property, on the grounds that title to the alley vested in him on October 20, 1980, by operation of § 43–2–302, C.R.S. DURA, among other grounds, claimed that Fanning, by his actions, should be estopped from claiming any interest or right in the alleyway. Concluding that title to the eastern portion of the alley had passed to DURA, the trial court dismissed the complaint.

Fanning raises several contentions of error with respect to the trial court's judgment. We need not discuss any of them, however, because we agree with DURA's argument to the trial court that Fanning, having failed to assert his claim of alley ownership at any point in the condemnation proceedings, is estopped from doing so now in a separate action for trespass and ejectment. *See Sanger v. Larson Construction Co.,* 126 Colo. 479, 251 P.2d 930 (1952).

The doctrine of equitable estoppel is premised upon principles of fair dealing and is designed to aid the law in the administration of justice where, without its aid, injustice might result. *City & County of Denver v. Stackhouse,* 135 Colo. 289, 310 P.2d 296 (1957); *Corporation of Presiding Bishop v. Board of County Commissioners,* 689 P.2d 738 (Colo.App.1984).

The elements of equitable estoppel require that the party to be estopped must have known the relevant facts and must have intended his conduct or representations to be the basis of action by the party seeking the estoppel, or at least that he must have acted in such a way that the party seeking estoppel had a right to believe the action was so intended. In addition, the party asserting estoppel must have been ignorant of the true facts and must have changed its position to its detriment in reliance on the conduct or representations of the party to be estopped. *Chamberlain v. Poe,* 127 Colo. 215, 256 P.2d 229 (1953); *Corporation of Presiding Bishop, supra.*

The fact that Fanning claims title to the alley pursuant to § 43–2–302, C.R.S., does not affect the application of equitable estoppel because "the doctrine of equitable estoppel has been invoked to cut off rights

or privileges conferred by statute." *Johnson v. Neel,* 123 Colo. 377, 229 P.2d 939 (1951); *Mountain Stone Co. v. H.W. Hammond Co.,* 39 Colo.App. 58, 564 P.2d 958 (1977).

■ Here, although he was aware of the alley vacation two days before the valuation hearing in July 1981, and was of the opinion on the morning of the hearing that title to the alley had vested in Fanning, Fanning's counsel did not move to continue the hearing or to amend the pleadings or attempt in any other way to raise the issue of alley ownership at the valuation hearing in the condemnation proceedings. Nor did Fanning expressly exclude discussion of alley ownership in the condemnation or valuation proceedings. Moreover, when called as a witness at the trial of the present action, Fanning's counsel in the condemnation proceeding admitted that "we could have done something that morning."

Meanwhile, DURA, which believed it had title to the alleyway in question, proceeded to construct substantial improvements on the alley and the surrounding property. It was not until October 1981, when the construction was nearly complete, that Fanning first sent a letter to DURA claiming an interest in the alleyway. In addition, this action for trespass and ejectment was filed on February 2, 1982, one day after the final inspection of the project and on the day when the certificate of occupancy for the new buildings was issued.

Accordingly, under the circumstances presented, we hold that Fanning is estopped from claiming any right or interest in the alleyway and, thus, cannot maintain this action for trespass and ejectment. "Parties who remain silent when they ought, in the exercise of good faith, to speak, will not be heard to speak when in the exercise of the same good faith they ought to remain silent." *Johnson v. Neel, supra.*

Judgment affirmed.

KELLY and TURSI, JJ., concur.