GUARDIAN PLANS, INC., a Colorado corporation, Plaintiff–Appellant,

v.

DIVISION OF INSURANCE OF the STATE OF COLORADO; John Kezer, as Commissioner of said Division; Daniel J. Coliannia, as Deputy Commissioner of said Division; Susan R. Fritze, as Preneed Program Administrator of said Division; and Tom Wilhelm as Insurance Examiner of said Division, Defendants–Appellees.

No. 89CA0060.

Colorado Court of Appeals,
Div. I.

Feb. 1, 1990.

Rehearing Denied Feb. 22, 1990.

Certiorari Dismissed (Guardian Plans, Inc.) June 12, 1990.

Rothgerber, Appel, Powers & Johnson, Gregory B. Kanan, Frank A. Baer, III, Melissa J. Andora, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Howard, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge PLANK.

Plaintiff, Guardian Plans, Inc., appeals a trial court judgment affirming the decision

of the Division of Insurance to suspend plaintiff's license for three months because of violations of § 10–15–101, et seq., C.R.S. (1987 Repl.Vol. 4A). We affirm.

Plaintiff, a subsidiary of Service Corporation International, is a pre-need funeral plan seller licensed pursuant to § 10–15–101.

In 1982, plaintiff developed the Guardian Plan Program (Program) as an alternative to its traditional trust-funded pre-need contracts. The trust-funded contracts have been approved since 1979.

Under plaintiff's new plan, a contract purchaser buys a life insurance policy or an annuity from Family Service Life Insurance Company, also a wholly owned subsidiary of Service Corporation. The purchaser assigns the benefits of the policy or annuity to plaintiff on a revocable basis. Plaintiff then guarantees that a funeral will be provided pursuant to their contract.

In November 1982, plaintiff wrote the Division outlining the proposed terms and conditions of the Guardian Plan Program. Plaintiff also made oral representations regarding the forms it would be using. However, the program was not explained in detail to the Division. Based on the information submitted, the Division indicated that there did not appear to be a violation of the pre-need statutes.

In 1985, the Division received inquiries from members of the public concerning plaintiff's insurance-funded pre-need plan. At that time, the Division discovered that a revocable assignment form was being used by plaintiff in place of the pre-approved contract form that had been previously filed with the Division.

The Division sent five separate written notices alleging that plaintiff was selling pre-need funeral plans in violation of the statute. Pursuant to § 10–15–114, C.R.S. (1987 Repl.Vol. 4A), the Division commenced an agency proceeding to determine this issue and whether plaintiff's license should be revoked.

The Division alleged that: (1) plaintiff sold pre-need funeral contracts on forms that had not been approved by the Division, thus violating § 10–15–109, C.R.S. (1987 Repl.Vol. 4A); (2) plaintiff sold pre-need funeral contracts that did not comply with the requirements of the pre-need funeral plan statute because the contracts did not establish a purchase price for funeral goods and services sold as required by § 10–15–109(1)(e) and (i), C.R.S. (1987 Repl. Vol. 4A); and (3) plaintiff sold pre-need contracts without making disclosures concerning charges for delivery, storage, installation, funeral goods, and services in violation of Insurance Regulation 85–5, 3 Code Colo.Reg. 702–11.

Plaintiff sought judicial review pursuant to § 24–4–106, C.R.S. (1988 Repl.Vol. 10A), after the Division issued its order which found against plaintiff on all these charges. The trial court, after a hearing, affirmed the order of the Division.

## I.

Plaintiff initially contends that it was not selling funeral goods and services on a pre-need basis and that, therefore, the Division lacks jurisdiction concerning its activities. We disagree.

## A.

Plaintiff asserts that, although the Program involves the sale of a contract, it is not a pre-need contract as contemplated by the statute. Plaintiff contends that the Program involves only the sale of a life insurance contract. We disagree.

The statute governing pre-need sales, § 10–15–102(3)(a), C.R.S. (1987 Repl.Vol. 4A), broadly defines the term "contract" to include any agreement whereby "a final resting place, merchandise, or services shall be provided or performed in connection with the final disposition of such person's body." This definition covers not only straight-forward written contracts, but also "agreements" and "mutual understandings" or "any series or combinations" of the same that can be converted into a contract or agreement to provide services at the purchaser's death.

In light of this broad language, we conclude that the assignment form used by the

plaintiff in connection with the sale of life insurance and annuity funded prearranged funeral contracts is a pre-need funeral contract within the statutory definition.

### B.

■ Plaintiff further asserts that since it does not retain any monies coming directly from the consumer, it is only a guarantor of the agreement and, thus, is not a direct provider of funeral goods and services. We disagree.

The pre-need statute does not require a party to a contract be a direct provider of funerals in order to be subject to the statute, or to be considered a contract seller. On the contrary, § 10–15–109(1)(a), C.R.S. (1987 Repl.Vol. 4A) evidences the General Assembly's intent to include such "guarantors" within the scope of the statute.

Here, plaintiff's revocable assignment form provides in part:

"For and in consideration of all rights to receive the future payment of the sums insured under the policy which are being assigned to it, the Assignee (Guardian Plans, Inc.) hereby accepts the foregoing assignment ... and agrees to cause to be furnished for the insured the following merchandise and services ... upon the death of the insured...."

Under the terms of the statute, this assignment is a pre-need "contract" for the sale of funeral goods and services, and thus, plaintiff is a "contract seller" subject to the provisions of the pre-need statutes.

### II.

■ Plaintiff next contends that the Division should be equitably estopped from revoking its approval of the Program. We disagree.

Plaintiff alleges that its previous counsel explained the Program to the Division in detail, which the Division then approved. Plaintiff claims it reasonably relied to its detriment upon the Division's approval and that equitable estoppel should be applied since plaintiff spent significant time and resources developing and marketing the new Program.

In order for equitable estoppel to apply, the following elements must be present: (1) the party to be estopped must have known of the relevant facts; (2) such party must have intended his conduct or representations to be the basis of action by the party seeking estoppel or at least must have acted in such a way that the party seeking estoppel had the right to believe the action was so intended; (3) the party seeking estoppel must have been ignorant of the true facts; and (4) the party seeking estoppel must have changed his position in reliance ·on the conduct or representation. *Fanning v. Denver Urban Renewal Authority*, 709 P.2d 22 (Colo.App.1985).

For equitable estoppel to be applied, any reliance by the party seeking estoppel must be justifiable. *See Corporation of Presiding Bishop v. Board of County Commissioners*, 689 P.2d 738 (Colo.App.1984).

Here, the evidence reveals that plaintiff did not furnish sufficient information for the Division to make an informed decision. The correspondence between the Division and plaintiff indicates that the Division did not have an understanding of the nature of the life insurance contract being used as a pre-need funeral plan.

Therefore, we conclude that the Division did not render knowing approval of plaintiff's method of operation with regard to the sale of life insurance or annuity funded pre-need funeral plans, and any reliance by plaintiff on the Division's Program "approval" was not reasonable.

### III.

■ Plaintiff next asserts that the Division misconstrued and misapplied the pre-need statute by requiring it to state a "fixed price" or "purchase price" for funeral goods and services. We disagree.

Plaintiff agrees that it did not list a purchase price in its insurance-funded pre-need contracts but, instead, lists a price that is "subject to change from time to time." The plaintiff argues that the statute does not require such a fixed listing; therefore, it maintains that its contract ful-

**618**

ly complies with the statutory requirements.

Section 10–15–109(1)(i), C.R.S. (1987 Repl. Vol. 4A) states that: "Each contract shall set forth the purchase price and the terms under which it is to be paid."

The pre-need statutes were enacted to protect the public from unconscionable dealings regarding the sale of pre-need contracts. The General Assembly has developed detailed disclosure requirements designed to provide meaningful protection to consumers. Accordingly, listing a price that is "subject to change" would render the statutory disclosure requirement meaningless and would provide the consumers with little useful information about the pre-need contract price.

Consequently, we agree with the trial court's judgment holding that the plaintiff sold funeral goods and services on a pre-need basis without properly disclosing the price of those goods and services as required by statute.

### IV.

Plaintiff lastly contends that the trial court erred by affirming the three-month suspension imposed on it for violations of the pre-need statute. We disagree.

Plaintiff asserts that, although less severe than a license revocation, a three-month suspension would put it and its employees out of business during that period and would probably result in a permanent loss of some customers.

Plaintiff argues that there is insufficient evidence to support such a severe penalty here. The record reveals, however, that the Division made three separate findings that plaintiff had either knowingly, or without the exercise of due care, violated various provisions of § 10–15–101.

The Division found that (1) plaintiff both engaged in the sale of pre-need contracts without submitting the contracts for approval as required by § 10–15–109(1)(b) and then continued to use and sell these contracts after being repeatedly advised by the Division that the contracts were disapproved; (2) that the plaintiff failed to comply with the requirements of § 10–15–109(1)(e) and (i) by selling contracts which failed to set a purchase price for the program; and (3) that the plaintiff violated the disclosure provisions of Insurance Regulation 85–5, 3 Code Colo.Reg. 702–11.

In light of these findings, we conclude that the three-month suspension imposed does not represent an abuse of discretion by the Division. Thus, it was properly affirmed by the trial court.

Accordingly, the trial court's judgment is affirmed.

PIERCE and METZGER, JJ., concur.